[No. G010958. Fourth Dist., Div. Three. Dec. 31, 1991.]

In re RUBIN P., a Minor.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Petitioner and Respondent, v.
PEDRO P. et al., Objectors and Appellants.

**COUNSEL**

Stephen S. Buckley and Phillip I. Bronson, under appointments by the Court of Appeal, for Objectors and Appellants.

Terry C. Andrus, County Counsel, and Nicholas S. Chrisos, Deputy County Counsel, for Petitioner and Respondent.

Harold LaFlamme and Jess Ann Hoyt, under appointments by the Court of Appeal, for Minor.

## OPINION

MOORE, J.—Pedro P. and Teresa M., the parents of Rubin P., have separately appealed from orders terminating their parental rights. We conclude the failure to hold a hearing under Welfare and Institutions Code section 366.22, subdivision (a)[1] deprived them of due process and requires that the findings terminating their parental rights be reversed.

### FACTS

On May 19, 1989, respondent filed a petition seeking to declare minor a dependent child under section 300, subdivisions (b) and (j), alleging he was residing with his mother in a plywood shack devoid of utilities and being fed unrefrigerated formula from unsterilized bottles. The petition also alleged his mother (appellant Teresa M.) was developmentally disabled and unable to care for him, and that minor's father (appellant Pedro P.), an itinerant field worker, did not protect him from these circumstances.

On July 7, appellants pled nolo contendere to an amended petition under the same subsections and agreed that minor would continue to reside out of the home. Minor was ultimately placed in foster care and adjusted well. Appellants' service plan was directed at reunification and required counseling, parent education classes, and a more suitable residence. At both the six- and twelve-month reviews pursuant to section 366.21, the social worker's report indicated appellants were progressing with their service plan, and continuing reunification services were recommended.

Appellants were expecting a new child in September 1990. They were given notice of the section 366.22, subdivision (a), 18-month review hearing at the 12-month review hearing, and indicated they would be going to Mexico for the birth of their new child, but would return for the hearing. The child was not born in Mexico, but in Orange County, and after a visit by a public health nurse who noted the child was slightly jaundiced, appellants left for Oregon with the infant to avoid the institution of dependency proceedings on the infant's behalf.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

On the date set for the 18-month review, appellants were not present, and no hearing was held. Instead, respondent's counsel and minor's counsel entered into a stipulation that there had not been substantial compliance with the service plan, that returning minor to appellants would create a substantial risk of detriment to him, and that he be placed for adoption or legal guardianship. Appellants' counsel was not a party to this stipulation and moved to withdraw as their attorney of record prior to any findings. The motion was granted, and the only record of what occurred at this "hearing" is gleaned from the motion to be relieved as counsel, the stipulation entered into between counsel for respondent and for minor, and a minute order which was later amended on March 25, 1991. There was no reporter present.

Thereafter, the matter was set for a permanency plan/implementation hearing pursuant to section 366.26. Appellants, who were in contact with their social workers between the November 21, 1990, 18-month review hearing and the date scheduled for the permanency plan/implementation hearing, appeared at the latter and gave testimony. During that proceeding, the court realized it could not proceed because there had been no finding made at the 18-month review, pursuant to section 366.22, that reasonable reunification services had been provided to appellants.

The court declared a recess and directed the parties to go to the court which had been scheduled to preside over the 18-month review hearing and obtain an amended minute order reflecting that the appropriate findings had been made. The parties returned with an amended minute order from Commissioner Hickman's court which indicated that reasonable services had in fact been provided. Though the modification to the minute order was made on that day, March 25, 1991, there is no record of what changes were made or how the court arrived at the requisite findings. Counsel for appellants, who had been reappointed prior to the commencement of the permanency planning/implementation hearing, objected to the amended minute order, arguing that appellants had not entered into the stipulation, that no default had been entered against them, and that no actual hearing had occurred upon which such findings could be made.

The court overruled counsel's objections, holding that the purpose of a section 366.26 hearing was not to reargue the issue of whether reasonable services had been provided, but only to determine whether minor was adoptable and whether any exception applied under section 366.26 which would preclude termination of appellants' parental rights. Respondent's counsel asserted that an objection to the propriety of the section 366.22 hearing was untimely and could only be addressed on appeal, and the court

agreed. The court refused to set aside the findings indicated in the amended minute order, found the minor to be adoptable, and found that termination of appellants' parental rights would not be detrimental to the minor.

## DISCUSSION

Appellants argue the failure to allow them a contested 18-month review hearing pursuant to section 366.22, subdivision (a)[2] requires reversal of the termination of their parental rights. We agree.

Under prior law, the termination of parental rights pursuant to Civil Code section 232 was a separate proceeding from those involving dependency and a permanency plan. However, effective January 1, 1989, the termination of parental rights was governed by sections 366.22 and 366.26, and proceedings involving dependency and the termination of parental rights became intertwined. As counsel for appellants argued at the section 366.26 hearing,[3] the relevant issues at such a proceeding are in large part dependent and predicated upon findings made at a section 366.22 hearing.

---

[2]That subdivision states in pertinent part: ". . . [T]he court, at the 18-month hearing, shall order the return of the minor to the physical custody of his or her parent . . . unless, by a preponderance of the evidence, it finds that return of the child would create a substantial risk of detriment to the physical or emotional well being of the minor. The probation department shall have the burden of establishing the detriment. The failure of the parent . . . to participate regularly in any court-ordered treatment programs shall constitute prima facie evidence that return would be detrimental. In making its determination, the court shall review the probation officer's report and shall review and consider the report and recommendations of any child advocate . . . and shall consider the efforts or progress, or both, demonstrated by the parent . . . and the extent to which he or she cooperated and availed himself or herself of services provided. If the minor is not returned to a parent . . . , the court shall specify the factual basis for its conclusion that return would be detrimental. [¶] If the minor is not returned to a parent . . . at the 18-month hearing and the court determines that reasonable services have been offered or provided to the parent . . . , the court shall develop a permanent plan. The court shall order that a hearing be held pursuant to Section 366.26 in order to determine whether adoption, guardianship, or long-term foster care is the most appropriate plan for the minor. However, if the court finds by clear and convincing evidence, based on the evidence already presented to it that the minor is not adoptable and has no one willing to accept legal guardianship, the court may order that the minor remain in long-term foster care. The hearing shall be held no later than 120 days from the date of the 18-month hearing. The court shall also order termination of reunification services to the parent. . . ."

[3]Section 366.26, subdivision (a) reads in pertinent part: "This section applies to minors who are adjudged dependent children of the juvenile court pursuant to subdivision (c) of Section 360 on or after January 1, 1989. The procedures specified herein are the exclusive procedures for conducting these hearings . . . . For minors who are adjudged dependent children of the juvenile court . . . this section and Sections . . . of the Civil Code specify the exclusive procedures for permanently terminating parental rights with regard to, or establishing legal guardianship of, the minor while the minor is a dependent child of the juvenile court."

Subdivision (b) of that section provides in pertinent part: "At the hearing, which shall be held in juvenile court for all minors who are dependents of the juvenile court, the court, in

At the section 366.26 hearing, the court properly limited the issues to minor's adoptability and the presence or absence of circumstances indicating that termination of appellants' parental rights would be detrimental to the minor. (Cal. Rules of Court, rule 1463.) However, this hearing was predicated upon findings made during the section 366.22 proceeding, at which a stipulation was entered into that appellants had not complied with their service plan, that returning minor to appellants would create a substantial risk of detriment to him, and that he be placed for adoption or legal guardianship. This stipulation was entered into in lieu of holding an actual hearing, and was later followed by an additional finding, by amendment to the minute order, that reasonable reunification services had been provided. That such findings could be made absent the presence of the appellants and their counsel is doubtful; that they could be made pursuant to a stipulation entered into between only respondent and minor's counsel, and in lieu of holding an actual hearing, is incomprehensible.[4] "[T]he findings [made at a previous 18-month review hearing] pursuant to Section 366.22 that a minor cannot or should not be returned to his or her parent . . . shall then constitute a sufficient basis for termination of parental rights unless the court finds that termination would be detrimental to the minor . . . ." (§ 366.26, subd. (c)(1).) The section 366.22 hearing was vital to appellants' parental rights.

Respondent argues that, since appellants had actual notice at the 12-month review hearing of the date of the 18-month review hearing, their actions in voluntarily absenting themselves conferred jurisdiction upon the court to proceed in their absence. The argument misses the point. Here, no hearing occurred, even in appellants' absence. The only evidence that anything occurred is the motion to be relieved as counsel, the stipulation entered into between counsel for respondent and minor's counsel, and the minute order

---

order to provide stable, permanent homes for these minors, shall review the report as specified in Section . . . 366.21, or 366.22, shall indicate that the court has read and considered it, shall receive other evidence that the parties present, and then shall do one of the following: [¶] (1) permanently sever the parent or parents' rights in order that the child be placed for adoption. . . ."

Subdivision (c) of that section states in pertinent part as follows: "At the hearing the court shall proceed pursuant to one of the following procedures: [¶] (1) It shall terminate parental rights only if it first determines by clear and convincing evidence that it is likely that the minor will be adopted. If the court so determines, the findings . . . that reunification services shall not be offered, . . . or pursuant to . . . Section 366.22 that a minor cannot or should not be returned to his or her parent . . . , shall then constitute a sufficient basis for termination of parental rights unless the court finds that termination would be detrimental to the minor . . . ."

[4]Respondent asserted at oral argument that the social worker's report, prepared for the section 366.22, 18-month review hearing, provided an adequate basis for the findings which were made. This assertion begs the question, however, as there was no hearing, appellants were not represented, and the report was never formally entered into evidence.

which was later modified to reflect that the appropriate findings had been made. There simply was no *hearing*. Though respondent is correct that a stipulation may be evidence, the stipulation was not made in the context of a hearing, nor were appellants or their counsel a party to it, and it was never entered into evidence. This could not bind appellants, nor could it be the basis of a court finding or order.[5] (See 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, §§ 207-216, pp. 238-248; see also *Palmer* v. *City of Oakland* (1978) 86 Cal.App.3d 39, 43-44 [150 Cal.Rptr. 41] [stipulation binding only on persons in privity with parties to the stipulation]; *Leonard* v. *City of Los Angeles* (1973) 31 Cal.App.3d 473, 476 [107 Cal.Rptr. 378] [stipulation may not bind court on questions of law and legal conclusions]; (*Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 276 [74 Cal.Rptr. 544, 449 P.2d 760] [attorney may stipulate to procedural matters but may not impair client's substantial rights or the cause of action by stipulation].)

■ Respondent also argues the time for appellants to appeal the 18-month review hearing pursuant to section 366.22 has expired. Subdivision (k) of section 366.26 provides that "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ." The general rule is that "An appeal from the most recent order in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed." (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [283 Cal.Rptr. 483].)

In contrast, section 395 states that "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; but no such order or judgment shall be stayed by the appeal . . . ."

Under normal circumstances, appellants would be precluded from appealing the findings made at the 18-month review, pursuant to section 366.22, as

[5]While we do not condone the actions of appellants in failing to appear for the 18-month review hearing, we note the social worker's report indicates they were in contact with their social workers between the date the hearing was supposed to occur and the section 366.26 hearing, and no default was ever entered against them. And, although appellants' counsel below appropriately objected to the amended minute order and its use at the section 366.26 hearing, we must voice our displeasure with counsel's withdrawal from representation and especially the court's approval of such withdrawal. The procedural mandates governing a motion to withdraw as counsel, which include notice to the client and a declaration stating the reasons for bringing such a motion (Cal. Rules of Court, rule 376; Code Civ. Proc., § 284), were conspicuously absent. Though we assume counsel's withdrawal was a form of protest and an attempt to distance himself from the stipulation and any findings made thereto, nonetheless it enabled the case to proceed, though fatally flawed, resulting in the termination of appellants' parental rights without due process.

that hearing was to have been held on November 21, 1990. If it truly had been held on that date, appellants would be precluded under section 395 from attacking the findings that were made, as the time for appeal would have run. (See *In re Elizabeth M.*, *supra*, 232 Cal.App.3d at p. 563.) Nor could appellants rely on section 366.26, subdivision (k) to attack the findings by writ, as that section applies only to the portion of the order directing that a section 366.26 hearing be held.

However, here, there was no 366.22 hearing on November 21, 1990; the proceeding respondent refers to on that date was a sham. Furthermore, the finding that reasonable reunification services had been provided was not made until March 25, 1991. On that date, the court realized it could not proceed with the section 366.26 hearing because the aforementioned finding, a prerequisite to a section 366.26 hearing, was not indicated in the minute order from the section 366.22 proceeding. The parties then obtained an amended minute order from the previous court which, as far as we are able to discern, added the finding that reasonable reunification services had been provided.

This finding was not made until March 25, 1991, the date of the section 366.26 hearing. We thus construe March 25 as the date from which the time for appeal of the section 366.22 findings began to run.

 ██ █ Viewed in this light, appellants' notice of appeal, which included a challenge to the section 366.22 findings, was timely, as it was filed within the 60-day statutory period (see Cal. Rules of Court, rule 39(b)) following the March 25 hearing.[6]

 Appellants were prejudiced by the failure of the court to hold a hearing pursuant to section 366.22. (See *In re Johnny M.* (1991) 229 Cal.App.3d 181, 189, 191 [279 Cal.Rptr. 693].) The stipulation and amended minute order, which were substituted in lieu of a hearing, and which formed the basis for the ultimate termination of appellants' parental rights, constituted a denial of due process.

---

[6]Appellants also challenge findings made at the July 7, 1989, dispositional hearing and the January 9, 1990, six-month review hearing. We agree with respondent, however, that the time to appeal these findings has expired. "In a dependency proceeding, the dispositional order constitutes a judgment. [Citations.] . . . [A]ppellate jurisdiction is dependent upon the filing of a timely notice of appeal. [Citations.] 'An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.' [Citations.]" (*In re Megan B.* (1991) 235 Cal.App.3d 942, 950 [1 Cal.Rptr.2d 177], quoting *In re Elizabeth M.*, *supra*, 232 Cal.App.3d at p. 563.)

## CONCLUSION

The findings made pursuant to the section 366.26 hearing are reversed and the matter is remanded with directions to hold a section 366.22 hearing.

Sills, P. J., and Wallin, J., concurred.