[No. C012764. Third Dist. Nov. 23, 1992.]

In re TAMMY H. et al., Persons Coming Under the Juvenile Court Law.
YUBA COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and
Respondent, v.
PAUL H., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

Karen E. Richey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel G. Montgomery, County Counsel, and Kathleen L. Burgess, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

RAYE, J.—Paul H., the father of Tammy and Kathyann, appeals from orders of the juvenile court terminating his parental rights and finding it likely the minors would be adopted. (Welf. & Inst. Code, §§ 366.26, 395; further statutory references to sections of an undesignated code are to this code.) Appellant contends that in terminating his parental rights the court denied him due process by relying on a finding based on a preponderance of the evidence rather than clear and convincing evidence. Appellant also claims the reunification services provided to him were inadequate, and that he was denied due process by the failure of the juvenile court to consider the adequacy of those services at a continued 12-month review hearing. Finding the first claim lacking merit and the remaining claims not cognizable in this appeal, we affirm the orders.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 1990, petitions filed pursuant to section 300, subdivision (d) alleged appellant sexually molested 11-year-old Tammy and 9-year-old Kathyann. After the juvenile court sustained the petitions as amended, the minors were adjudged dependent children and the court ordered reunification services for appellant. Thereafter, following a six-month review hearing, the court found appellant had been offered reasonable services, with which he had not complied.

At the 12-month review hearing, the juvenile court found by a preponderance of the evidence that return of the minors to appellant would create a substantial risk of detriment to them, pursuant to section 366.21, subdivision (f). The court also found appellant had failed to comply with reasonable reunification services, terminated reunification services, and scheduled a hearing pursuant to section 366.26. Following the section 366.26 hearing, the court found adoption of the minors likely by clear and convincing evidence and terminated appellant's parental rights.

### DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### II

 Claiming he was assigned an inappropriately chosen therapist and subjected to a delay of nearly two months before reunification services were

---

*See footnote, *ante*, page 48.

offered, appellant contends those services were inadequate. In a separate argument, appellant asserts he was denied due process as the result of the failure of the juvenile court at the continued 12-month review hearing to consider the adequacy of services.

■ An order directing that a section 366.26 hearing be held is not an appealable order. (§ 366.26, subd. (k).)[3] A parent may challenge contemporaneous orders made by the court, but only if the challenge is not designed to overturn the order directing that a hearing be held to establish a permanent plan for the minor. (Cf. *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 562-563 [283 Cal.Rptr. 483]; *In re Kristin W.* (1990) 222 Cal.App.3d 234, 245-246 [271 Cal.Rptr. 629]; *In re Eli F.* (1989) 212 Cal.App.3d 228, 235-236 [260 Cal.Rptr. 453] [construing § 366.25, subd. (j)].)[4]

A claim that the court erred in terminating reunification services is not cognizable in an appeal from an order authorizing a termination action, as it is designed to overturn the court's order referring that matter for a termination hearing. (*Kristin W., supra,* 222 Cal.App.3d at p. 246.) There is a split of authority regarding whether a challenge to the sufficiency of a reunification plan is designed to overturn the court's referral order. (*Elizabeth M., supra,* 232 Cal.App.3d at pp. 562-563 [contention is not cognizable on appeal]; but see *Kristin W., supra,* 222 Cal.App.3d at p. 248 [contention is cognizable on appeal].)

We agree with the reasoning of the court in *Elizabeth M.* regarding section 366.25, subdivision (j), and find by analogy to section 366.26, subdivision (k), that a challenge to the sufficiency of a reunification plan is not cognizable on appeal from an order authorizing a termination action. A necessary prerequisite to such an order is a finding that reasonable services were provided to the parent. (§ 366.21, subd. (f).) Thus, by claiming reasonable reunification services were inadequate, the parent would be attempting to undermine the referral order.

■ For similar reasons, we conclude that appellant may not challenge the adequacy of reunification services at this juncture, following an order terminating parental rights. If the court determines by clear and convincing

---

[3]Section 366.26, subdivision (k) provides: "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ."

[4]Section 366.25, subdivision (j) is part of the statutory scheme applying to minors made dependents before January 1, 1989. (§ 366.25, subd. (i).) It provides: "An order by the court that authorizes the filing of a petition to terminate parental rights pursuant to [Civil Code] Section 232 or that authorizes the initiation of guardianship proceedings is not an appealable order but may be the subject of review by extraordinary writ."

evidence at the termination hearing that it is likely the child will be adopted, the finding at the review hearing that the minor should not be returned to the parent "shall then constitute a sufficient basis for termination of parental rights . . . ." (§ 366.26, subd. (c)(1).) Thus, the court must accept the findings made at the previous hearing without reopening the case as to those matters.

*In re Rebecca H.* (1991) 227 Cal.App.3d 825 [278 Cal.Rptr. 185], is instructive. In *Rebecca H.* the court considered a challenge to the denial of reunification services made at a disposition hearing in an appeal following a termination proceeding. (*Id.* at p. 830.) Concluding the issue of the juvenile court's refusal to grant reunification services was not reviewable by appeal, the court pointed to section 366.26, subdivision (k), and explained as follows: "In our view, section 366.26, subdivision (k) carves out an unambiguous and well-conceived exception to the general application of section 395 to disposition orders. Subdivision (k) is a testament to the Legislature's concern for stability in the lives of dependent minors. (See Sen. Select Com. Rep. on Children & Youth, Sen. Bill No. 1195, p. 10 (1988 Reg. Session).) When a juvenile court has decided against reunification altogether, an expeditious method must exist by which a parent may obtain review of the ruling before the court orders the termination of parental rights. The Legislature provided such a means by enacting section 366.26, subdivision (k). In so doing, it has created a scheme sensitive to both the goal of reunification where feasible and the recognition of the importance of providing 'stable, permanent homes' (§ 366.26) for minor children whose parents are unable to care for them. The filing of a timely petition for an extraordinary writ permits appellate review of the denial of reunification prior to the date the section 366.26 hearing is held. Should the reviewing court conclude reunification services were improperly refused, seasonable extraordinary relief could be granted." (*Id.* at p. 836.)

To permit appellate review of an order finding that reunification services were inadequate would only delay dependency proceedings, contrary to the strong public policy against protracted litigation in these cases. (*Rebecca H., supra,* 227 Cal.App.3d at pp. 836-837; *In re Sarah F.* (1987) 191 Cal.App.3d 398, 403 [236 Cal.Rptr. 480].) By enacting section 366.26, subdivision (k), it is apparent the Legislature intended that any appellate review must be sought prior to the holding of the section 366.26 hearing. We are persuaded that orders made nonappealable by section 366.26, subdivision (k), such as the order made at the 12-month review hearing that appellant had been provided with reasonable reunification services, are not reviewable on appeal from the order terminating parental rights. Thus, writ relief is the exclusive means of appellate review of orders rendered nonappealable under section 366.26,

subdivision (k).[5] (See *In re Taya C.* (1991) 2 Cal.App.4th 1, 7-8 [2 Cal.Rptr.2d 810]; see also *In re Rubin P.* (1991) 2 Cal.App.4th 306, 312-313 [3 Cal.Rptr.2d 301]; *In re Catherine S.* (1991) 230 Cal.App.3d 1253, 1256 [281 Cal.Rptr. 746].) Accordingly, we conclude appellant cannot now obtain appellate review of the reunification findings made at the 12-month review hearing.

## DISPOSITION

The orders are affirmed.

Puglia, P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 1993. Kennard, J., was of the opinion that the petition should be granted.

---

[5]This question is now pending in the Supreme Court in *In re Matthew C.* (1992) 3 Cal.App.4th 249 [4 Cal.Rptr.2d 303], review granted April 23, 1992 (S025565), and *Cynthia D. v. Superior Court\** (Cal.App.) review granted April 23, 1992 (S025807).

We note that the appellate decisions now final on this issue are in conflict. *In re Amanda B.* (1992) 3 Cal.App.4th 935 [4 Cal.Rptr.2d 922], *In re Amber U.* (1992) 3 Cal.App.4th 871 [4 Cal.Rptr.2d 726], and *In re Cory M.* (1992) 2 Cal.App.4th 935 [3 Cal.Rptr.2d 627], hold that challenges to orders made at review hearings are not appealable.

---

\*See 5 Cal.4th 242 for Supreme Court opinion.