28 Cal.App.4th 1697 (1994)
34 Cal. Rptr.2d 345
In re CICELY L. et al., Persons Coming Under the Juvenile Court Law.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Petitioner and Respondent,
v.
KENNETH L. et al., Objectors and Appellants.
Docket Nos. E012830, E013643.
Court of Appeals of California, Fourth District, Division Two.
October 7, 1994.
*1698 COUNSEL
Thomas L. Hardy and Steven D. Schatz, under appointments by the Court of Appeal, for Objectors and Appellants.
*1699 William C. Katzenstein, County Counsel, and Lucy Furuta, Deputy County Counsel, for Petitioner and Respondent.
Patrick J. Sampson, under appointment by the Court of Appeal, for Minors.
[Opinion certified for partial publication.[1]]
OPINION
DABNEY, Acting P.J.
Lisa P. (Lisa) and Kenneth L. (Kenneth) each appeal from an order terminating their parental rights to Cicely L. (Cicely). Kenneth alone appeals from a subsequent order similarly terminating their parental rights to Cicely's older brother, David L. (David).
Kenneth contends that reasonable reunification services were not provided to him because he was not allowed any visitation with David and Cicely as long as he was incarcerated in state prison. Kenneth also challenges the juvenile court's findings that he had not had regular visitation and contact with David and Cicely such that they would benefit from continuing the relationship with him, and that David and Cicely were likely to be adopted, as not supported by substantial evidence. Lisa challenges the same findings on the same grounds, but solely with respect to Cicely. Finally, Lisa contends that the juvenile court erred in refusing to consider evidence of Cicely's visitation and contact with Lisa's parents  Cicely's grandparents  and in excluding such evidence as irrelevant.
We hold that the juvenile court's orders finding that reasonable reunification services had been provided and terminating reunification services were appealable; because Kenneth failed to appeal from those orders, they have become final and are not subject to question in this appeal. As to the other issues raised, we find no error, and hence we affirm.

I.

PROCEDURAL BACKGROUND
On June 25, 1990, a dependency petition was filed regarding Lisa's three children. David[2] and Cicely[3] were Lisa's children by Kenneth, who was then in prison. Nicholas P. (Nicholas) was Lisa's son by a different father. The *1700 petition alleged failure to protect (Welf. & Inst. Code, § 300, subd. (b));[4] failure to provide for support (§ 300, subd. (g)); and, as to David and Cicely, a substantial risk of sexual abuse (§ 300, subd. (d)).
On June 26, 1990, at the detention hearing, the juvenile court made the requisite findings to justify further detention (§ 319). It ordered supervised visitation with Lisa, and visitation with Kenneth pursuant to a "standard jail visitation order."
On August 17, 1990, at a combined jurisdictional and disposition hearing, the juvenile court found the allegations of the petition true and adjudged the children dependents of the court. It found that return of the children to the custody of their parents would create a substantial risk of detriment. Accordingly, it placed them in the custody of the Riverside County Department of Public Social Services (DPSS). The juvenile court accepted a modified version of DPSS's proposed reunification plan, and ordered DPSS to provide reunification services (§ 361.5, subd. (a)), specifically including reunification services for an incarcerated parent (§ 361.5, subd. (e)). DPSS, however, determined that Kenneth was imprisoned too far away for visitation. Thus, as long as Kenneth was incarcerated, he was allowed no visitation with either David or Cicely.
On March 14, 1991, at a six-month review hearing, the court again found that return of the children to the custody of their parents would create a substantial risk of detriment, and therefore continued them in the custody of DPSS. It found that the reunification plan was reasonable, continued it, and ordered DPSS to provide additional reunification services.
On February 5, 1992, at a long-delayed 12-month review hearing as to David and Cicely only, the court found yet again that their return to their parents would create a substantial risk of detriment. The court also found again that reasonable reunification services had been offered, and it therefore ordered reunification services terminated. It adopted a permanent plan of long-term foster care for both David and Cicely. Finally, it approved two weekends per month of supervised visitation with Lisa, and also with Lisa's mother and father, Maxine P. (Maxine) and Robert P. (Robert).
On April 21, 1992, Robert and Maxine were made guardians of Nicholas, and his dependency was terminated.
In July 1992, Kenneth was released from prison. On July 6, 1992, at a foster care review hearing, the court ordered that the permanent plan would *1701 continue to be long-term foster care. It continued to allow Lisa supervised visitation, and it allowed Kenneth supervised visitation.
On December 14, 1992, at another foster care review hearing, the juvenile court set a selection and implementation hearing pursuant to section 366.26, as to Cicely only. As to David, it ordered that the permanent plan would continue to be long-term foster care. It ordered a psychological evaluation of both David and Cicely.
On May 12, 1993, at Cicely's section 366.26 hearing, the juvenile court found that she was likely to be adopted, and that termination of parental rights would not be detrimental to her for any of the four specified statutory reasons (§ 366.26, subd. (c)(1)(A)-(D)). Thus, it terminated Kenneth and Lisa's parental rights to Cicely. Kenneth and Lisa each filed a timely notice of appeal from this order.
Meanwhile, on May 1, 1993, David had been placed with a foster mother interested in adopting him. On June 14, 1993, at a postpermanency planning review hearing, the juvenile court ordered visitation between David and his parents terminated and set a selection and implementation hearing pursuant to section 366.26, as to David only.
On November 17, 1993, at David's section 366.26 hearing, the juvenile court found that David was likely to be adopted, and that termination of parental rights would not be detrimental to him for any of the four specified statutory reasons (§ 366.26, subd. (c)(1)(A)-(D)). Thus, it terminated Kenneth and Lisa's parental rights to David. Kenneth filed a timely notice of appeal from this order. We have consolidated the three appeals.

II.

FACTUAL BACKGROUND[*]
.... .... .... .... .... .... .... .

III.

THE STATUTORY SCHEME
A brief overview of the relevant statutes is necessary background to our opinion.
Once the juvenile court finds a child to be within its jurisdiction (§ 300), it must conduct a dispositional hearing (§ 358) at which, among other things, *1702 it may remove the child from his or her parents' custody (§ 361.5, subd. (b)). If it does so, it must order, subject to limited exceptions (§ 361.5, subds. (b), (c), (d), (e)(1)), that reunification services be provided (§ 361.5, subd. (a)). (See generally, Cynthia D. v. Superior Court (1993) 5 Cal.4th 242, 248 [19 Cal. Rptr.2d 698, 851 P.2d 1307].)
Where a parent is incarcerated, the court must nevertheless order reunification services, unless it finds that such services would be detrimental to the child. (§ 361.5, subd. (e)(1).) The reunification services provided to an incarcerated parent may include collect phone calls (§ 361.5, subd. (e)(1)(A)), transportation, "where appropriate" (§ 361.5, subd. (e)(1)(B)), and visitation, "where appropriate" (§ 361.5, subd. (e)(1)(C)).
After the dispositional hearing, "... the juvenile court must review the case at least once every six months. (§ 366.) At these review hearings there is a statutory presumption that the child will be returned to parental custody unless the court finds ... that `the return of the child would create a substantial risk of detriment to the physical or emotional well-being of the minor.'... (§§ 366.21, subds. (e), (f), 366.22, subd. (a).) The court must also determine whether reasonable reunification services have been offered. (Ibid.)" (Cynthia D., v. Superior Court, supra, 5 Cal.4th at p. 249, fn. omitted.)
At the 12-month review hearing  or, if the court finds statutory grounds to continue the case (§ 366.21, subd. (g)(1)), at an 18-month review hearing  there is again a statutory presumption that the child will be returned to parental custody, which is overcome only if the juvenile court finds that return of the child to the parents would create a substantial risk of detriment to the physical or emotional well-being of the minor. (§ 366.21, subd. (f); § 366.22, subd. (a).) If the court does not return the child to the parents, it must set a hearing pursuant to section 366.26 "in order to determine whether adoption, guardianship, or long-term foster care is the most appropriate plan for the minor."[5] (§ 366.22, subd. (a); accord, § 366.21, subd. (g)(3).) If it sets a section 366.26 hearing, it must also terminate reunification services. (§ 366.21, subd. (h); § 366.22, subd. (a).) If, however, it finds that the child is not adoptable and there is no one willing to act as guardian, it may order the child into long-term foster care immediately, without a section 366.26 hearing. (§ 366.21, subd. (g)(2); § 366.22, subd. (a).)
At the section 366.26 hearing, the juvenile court may "[p]ermanently sever the rights of the parent or parents and order that the child be placed *1703 for adoption" (§ 366.26, subd. (b)(1)), but only under the following circumstances.
First, the court must "determine[] by clear and convincing evidence that it is likely that the minor will be adopted." (§ 366.26, subd. (c)(1).)
Second, ordinarily the juvenile court will already have found that return of the child to his or her parents would create a substantial risk of detriment to the child's physical or emotional well-being (§ 366.21, subd. (f); § 366.22, subd. (a)) as a predicate for terminating reunification services and for setting a section 366.26 hearing. If it has done so, at the section 366.26 hearing, this prior finding "that [the] minor cannot or should not be returned to his or her parent ... shall then constitute a sufficient basis for termination of parental rights...." (§ 366.26, subd. (c)(1); see generally, Cynthia D. v. Superior Court, supra, 5 Cal.4th at p. 249.)
Third, however, the court must not find "that termination would be detrimental to the minor due to" any of four specified statutory circumstances, numbered (A) through (D) (hereafter exceptions (A) through (D)). (§ 366.26, subd. (c)(1).) Under exception (A)  the only one of these exceptions at issue here  the court cannot terminate parental rights if "[t]he parents ... have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(A).)
If the juvenile court "finds that adoption of the minor or termination of parental rights is not in the interests of the minor, or that one of ... [exceptions] (A), (B), (C), or (D) ... applies," and if it therefore does not terminate parental rights, it must either appoint a guardian for the child or order the child into long-term foster care. (§ 366.26, subd. (c)(4).)
If the child is placed into long-term foster care  which may occur at the 12-month review hearing, at an 18-month review hearing, or at the section 366.26 hearing  the juvenile court or "an appropriate local agency" must review the child's status every six months. (§ 366.3, subd. (c).)

IV.

THE REASONABLENESS OF THE REUNIFICATION SERVICES PROVIDED TO KENNETH WHILE HE WAS INCARCERATED
(1a) Kenneth challenges the juvenile court's findings that reasonable reunification services were provided, findings which undergirded its orders *1704 terminating reunification services, setting the section 366.26 hearing, and, eventually, terminating parental rights. Kenneth contends that the reunification services were insufficient because he was not allowed visitation while he was incarcerated. DPSS responds that Kenneth's challenge is untimely. It contends that the adequacy of reunification services must be raised by writ, if at all, and cannot be raised by appeal.
The general rule governing appealability in dependency proceedings is that "[a] judgment in [such proceedings] may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment...." (§ 395.) This begs the question, however, of which orders are "judgments."
(2) We have held that an order at the conclusion of the dispositional hearing adjudicating the minor a dependent child of the court is a final judgment. (In re Elizabeth M. (1991) 232 Cal. App.3d 553, 563 [283 Cal. Rptr. 483]; accord, In re Sheila B. (1993) 19 Cal. App.4th 187, 196 [23 Cal. Rptr.2d 482]; In re Daniel Z. (1992) 10 Cal. App.4th 1009, 1017 [13 Cal. Rptr.2d 139]; In re Rubin P. (1991) 2 Cal. App.4th 306, 313, fn. 6 [3 Cal. Rptr.2d 301].)[6] Generally, any subsequent order is appealable as an order after judgment. (In re Elizabeth M., supra, 232 Cal. App.3d at p. 563.)
One type of subsequent order, however, is statutorily not appealable: an order setting a section 366.26 hearing. (§ 366.26, subd. (k).) Often, however, a single order both sets a section 366.26 hearing and also makes other findings and determinations. In that event, any portion of the order which is challenged on grounds designed to overturn the setting of the section 366.26 hearing is not appealable; any portion of the order which is challenged on grounds not designed to overturn the setting of the section 366.26 hearing is appealable. (In re Ricky H. (1992) 10 Cal. App.4th 552, 561 [12 Cal. Rptr.2d 578]; In re Elizabeth M., supra, 232 Cal. App.3d at p. 562.)
(1b) Until recently, many courts construed this statutory exception to appealability as meaning that issues going to the setting of a section 366.26 hearing simply were not cognizable on appeal  not even on a later appeal from an order entered at the conclusion of the section 366.26 hearing. Such issues could be raised only by petition for extraordinary writ. (E.g., In re Tammy H. (1992) 11 Cal. App.4th 48, 51-52 [14 Cal. Rptr.2d 16]; In re Amanda B. (1992) 3 Cal. App.4th 935, 940-941 [4 Cal. Rptr.2d 922].) These holdings, however, were effectively overruled in In re Matthew C., supra, 6 *1705 Cal.4th 386. It is still the law that findings and determinations which result in setting a section 366.26 hearing are not immediately appealable; under Matthew C., however, they may be challenged later, "on appeal from the final order made at the section 366.26 hearing." (In re Matthew C., supra, 6 Cal.4th at p. 401, fn. omitted.)
For example, when the juvenile court sets a section 366.26 hearing, it typically also finds that reasonable reunification services have been provided and terminates reunification services. (See §§ 366.21, subds. (g)(3) & (h), 366.22, subd. (a).) In that case, a successful challenge to the portion of the order terminating reunification services would tend to overturn the nonappealable portion of the order setting the hearing. (In re Tammy H., supra, 11 Cal. App.4th at p. 51; In re Elizabeth M., supra, 232 Cal. App.3d at pp. 561-562.) Thus, such a challenge must be postponed. Eventually, however, under Matthew C., it may be raised in an appeal from the final order entered at the conclusion of the section 366.26 hearing.
Here, the juvenile court's order setting the section 366.26 hearing made no findings or rulings whatsoever regarding reunification services. Those findings and rulings had all been made earlier. First, at the six-month review hearing, the juvenile court made a finding that reasonable reunification services had been provided. Then, at the 12-month review hearing, it made the identical finding, and ordered reunification services terminated. It found that David and Cicely were not likely to be adopted and it therefore ordered that they remain in long-term foster care (§ 366.21, subd. (g)(2)). These orders were immediately appealable. (In re Steven H. (1992) 6 Cal. App.4th 1752, 1758 [8 Cal. Rptr.2d 535]; In re Elizabeth G. (1988) 205 Cal. App.3d 1327, 1331 [253 Cal. Rptr.161].)
Kenneth was represented by counsel at the six-month review hearing, the twelve-month review hearing, and all other relevant hearings in the juvenile court. His time to appeal from these orders relating to reunification services has passed, and they have long since become final. "If an order is appealable ... and no timely appeal is taken therefrom, the issues determined by the order are res judicata." (In re Matthew C., supra, 6 Cal.4th at p. 393.)
(3) "An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed." (In re Elizabeth M., supra, 232 Cal. App.3d at p. 563; accord, In re Elizabeth G., supra, 205 Cal. App.3d at p. 1331.) (1c) Accordingly, it is too late for Kenneth to challenge the reasonableness, adequacy or sufficiency of the reunification services. (In re Daniel D. (1994) 24 Cal. App.4th 1823, 1832-1833 [30 Cal. Rptr.2d 245] [interim orders placing *1706 child in foster care were appealable and could not be challenged in mother's appeal from later order terminating parental rights].)

V.-VII.[*]
.... .... .... .... .... .... .... .

VIII.

DISPOSITION
The order appealed from is affirmed.
Hollenhorst, J., and McKinster, J., concurred.
NOTES
[1] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, V, VI and VII.
[2] In the record, David is called both David Kenneth L. and Kenneth David L. According to his birth certificate, however, David Kenneth L. is correct. His family and his foster parents all call him David.
[3] In the record, Cicely's name is variously spelled "Cesaly," "Cesely," and "Cecily." According to her birth certificate, however, "Cicely" is the correct spelling.
[4] Further statutory citations are to the Welfare and Institutions Code unless otherwise specified.
[5] Such a hearing is variously called a "selection and implementation hearing," a "permanency planning hearing," or  the term we will use  a "section 366.26 hearing." (Cynthia D. v. Superior Court, supra, 5 Cal.4th at pp. 246, 249.)
[6] The Supreme Court, although it declined to so hold, has suggested the possibility that the order terminating parental rights is the final judgment. (In re Matthew C. (1993) 6 Cal.4th 386, 396, fn. 8 [24 Cal. Rptr.2d 765, 862 P.2d 765].)
[*] See footnote 1, ante, page 1697.