[No. F024886. Fifth Dist. Jan. 22, 1996.]

WANDA B., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real Party
in Interest.

## Counsel

Charles P. Dreiling, Acting Public Defender, and Thomas Zynda, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Phillip S. Cronin, County Counsel, and William G. Smith, Deputy County Counsel, for Real Party in Interest.

## Opinion

**WISEMAN, J.**—Petitioner Wanda B. seeks extraordinary writ review (Welf. & Inst. Code,[1] § 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B) from respondent court's order that a section 366.26 permanency planning hearing be held March 4, 1996. She challenges the court's much earlier May

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1995 order denying her reunification services under section 361.5, subdivision (b)(2).[2] The mother's petition raises a serious question regarding this court's ability to review the order denying services. ■ We hold an order denying reunification services, unaccompanied by a simultaneous order setting a section 366.26 hearing, is immediately appealable. Because petitioner did not file a timely appeal, she has waived her right to challenge the order denying services. Consequently, we will dismiss her writ petition.

## FACTS

In May 1995, after protracted hearings and delays, respondent court adjudged Jamie C., born October 14, 1988, and Jason C., born December 23, 1990, dependents pursuant to section 360, subdivision (c). The court also removed the children from parental custody.[3] At the May 1995 hearing, the court denied the mother reunification services as to both of her children pursuant to section 361.5, subdivision (b)(2). Two months earlier, the court had denied the mother services as to Jamie only.[4] However, because the court did grant the father reunification services at the May hearing, it did not set either of the children's cases for a section 366.26 permanency planning hearing.[5]

At a dependency review hearing on November 2, 1995, the court terminated reunification services for the father and set a permanency planning hearing for March 4, 1996. The following day counsel for the mother filed a notice of intent to file a writ petition.

---

[2]Section 361.5, subdivision (b)(2) provides:

"(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) That the parent or guardian is suffering from a mental disability that is described in Chapter 2 (commencing with Section 7820) of Part 4 of Division 12 of the Family Code and that renders him or her incapable of utilizing those services."

Section 361.5, subdivision (c) also provides in this respect: "When it is alleged, pursuant to paragraph (2) of subdivision (b), that the parent is incapable of utilizing services due to mental disability, the court shall order reunification services unless competent evidence from mental health professionals establishes that, even with the provision of services, the parent is unlikely to be capable of adequately caring for the child within 12 months."

[3]The children had actually been detained in out-of-home placement since August 1993.

[4]The March order appears to have been premature in that the court had not as yet adjudged Jamie a dependent.

[5]Section 361.5, subdivision (f) provides in this regard: "If a court, pursuant to paragraph (2), . . . of subdivision (b) or paragraph (1) of subdivision (e), does not order reunification services, it shall conduct a hearing pursuant to Section 366.25 or 366.26 within 120 days of the dispositional hearing. However, the court shall not schedule a hearing so long as the other parent is being provided reunification services pursuant to subdivision (a). . . ."

## DISCUSSION

■   In juvenile dependency matters, all orders starting chronologically with the dispositional order are, with one exception, appealable judgments. (*In re Eli F.* (1989) 212 Cal.App.3d 228, 233 [260 Cal.Rptr. 453]; § 395.)[6] The notable exception is the order setting a section 366.26 hearing. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B.)[7]

■   The May 1995 order denying the mother reunification services was an appealable judgment, an important point which the mother overlooks. It was the court's dispositional order and thus appealable. (*In re Eli F.*, *supra*, 212 Cal.App.3d at p. 233.) The fact the court could have, but did not, simultaneously set a section 366.26 hearing does not detract from the appealability of the court's disposition.

In an analogous case, the appellate court in *In re Cicely L.* (1994) 28 Cal.App.4th 1697, 1705 [34 Cal.Rptr.2d 345] held in the absence of a companion order setting a section 366.26 hearing, an order terminating services was appealable.[8] We acknowledge *Cicely L.* dealt with the statutory scheme in effect prior to the enactment of section 366.26, subdivision (*l*), that is, when a parent could challenge orders and findings subsumed within an order setting a section 366.26 hearing on appeal on an order terminating parental rights. (See *In re Matthew C.* (1993) 6 Cal.4th 386 [24 Cal.Rptr.2d 765, 862 P.2d 765].) Nevertheless, the analysis should be no different in this case. As in *Cicely L.*, respondent court's order setting a section 366.26 hearing included no findings or rulings regarding the decision to deny

---

[6]Section 395 provides: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; but no such order or judgment shall be stayed by the appeal, unless, pending the appeal, suitable provision is made for the maintenance, care, and custody of the person alleged or found to come within the provisions of Section 300, and unless the provision is approved by an order of the juvenile court. The appeal shall have precedence over all other cases in the court to which the appeal is taken."

[7]Section 366.26, subdivision (*l*) provides in pertinent part: "(*l*)(1) An order by the court that a hearing pursuant to this section be held is not appealable at anytime unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section."

[8]As with orders denying services, orders terminating services are ordinarily accompanied by an order setting a section 366.26 hearing. (§ 366.21, subds. (e) & (g); § 366.22, subd. (a).)

reunification services for the mother. Those findings were made much earlier and, along with the order denying services, were immediately appealable. (*Cicely L.*, *supra*, 28 Cal.App.4th at p. 1705.)

■ " 'If an order is appealable . . . and no timely appeal is taken therefrom, the issues determined by the order are res judicata.' " (*In re Cicely L.*, *supra*, 28 Cal.App.4th at p. 1705, quoting *In re Matthew C.*, *supra*, 6 Cal.4th at p. 393.) "An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed." (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [283 Cal.Rptr. 483].) Appellate jurisdiction to review an appealable order depends upon a timely notice of appeal. (*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1331 [253 Cal.Rptr. 161].)

■ Because the mother did not appeal from or otherwise seek review of the order denying her services in a timely fashion, it is now a final judgment. This court is accordingly without jurisdiction to consider her current challenge by means of her writ petition.

■ The mother tries to argue that section 366.26, subdivision (*l*) along with rule 39.1B of the California Rules of Court prevented her from seeking appellate review. However, these provisions explain how a litigant preserves issues arising out of the contemporaneous findings and orders made by a juvenile court in setting a section 366.26 hearing. They in no way restrict, let alone prohibit, appellate review of earlier findings and orders.

## DISPOSITION

The petition is dismissed. A motion by real party in interest to augment the record is denied as moot.

Ardaiz, P. J., and Dibiaso, J., concurred.

A petition for a rehearing was denied February 14, 1996.