[Nos. F031048, F031750. Fifth Dist. June 8, 1999.]

In re ANTHONY B., a Person Coming Under the Juvenile Court Law.
STANISLAUS COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
MARTHA W., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of Facts and parts B and C.

**COUNSEL**

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael H. Krausnick, County Counsel, and Linda S. Macy, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**DIBIASO, Acting P. J.**—In the published portion of this opinion, we extend the principle of *In re Charmice G.* (1998) 66 Cal.App.4th 659 [78 Cal.Rptr.2d 212] to all orders, regardless of their nature, entered at a hearing at which an order is issued setting a Welfare and Institutions Code[1] section 366.26 permanency planning hearing.

### PROCEDURE

On September 16, 1994, a petition was filed by the Stanislaus County Department of Social Services (the department) on behalf of Anthony B., pursuant to section 300. Anthony was adjudged a dependent on October 28, 1994, and removed from the custody of his parents.

Reunification services were offered and a trial visit initiated. On December 14, 1994, the department filed a section 388 petition seeking to terminate the trial visit. On January 9, 1995, appellant Martha W., Anthony's natural mother, pled no contest to the petition and the juvenile court terminated the trial visit and ordered supervised visitation.

On November 30, 1995, reunification services were terminated and a section 366.26 hearing was scheduled for March 26, 1996. Martha filed a petition for extraordinary writ relief seeking review of the juvenile court order setting the section 366.26 hearing. Martha's petition was assigned case No. F024984 by this court. In our opinion filed February 6, 1996, we denied the petition on the merits. (*Martha W. v. Superior Court* (1996) F024984 [nonpub. opn.].)

On December 29, 1995, the juvenile court ordered that visitation with Martha be terminated pending the section 366.26 hearing. At the section 366.26 hearing, guardianship was selected and implemented as the best permanent plan for Anthony and visitation with Martha was terminated "without prejudice."

Nearly two years after visitation was first terminated, and specifically on December 10, 1997, Martha filed a section 388 petition seeking supervised visitation with Anthony. On February 20, 1998, the department filed its review report and requested that the court set a section 366.26 hearing to select and implement a more permanent plan for Anthony.

On February 26, 1998, a contested hearing was held regarding Martha's section 388 petition; the court took the matter under submission. The issue

---

[1]All references to code sections are to the Welfare and Institutions Code unless otherwise specified.

of periodic review of the dependency was continued to March 3, 1998. On March 3, 1998, the court took under submission the matter of whether to set a section 366.26 hearing.

On April 16, 1998, the court issued a minute order denying Martha's section 388 petition and referring the case for a section 366.26 hearing. On April 22, 1998, Martha filed a notice of intent to file a writ petition and a request for record. The action was assigned case No. F030724 by this court. On April 27, 1998, a written decision was issued by the juvenile court which set forth the factual findings supporting the court's April 16, 1998, minute order and reiterated that the section 388 petition was denied and a section 366.26 hearing was set. On May 18, 1998, this court received a letter signed by Martha and her attorney stating that Martha had decided not to pursue the filing of a writ petition. Thereafter, on June 9, 1998, this court dismissed the writ proceeding pending as case No. F030724. On June 9, 1998, Martha filed a notice of appeal which purported to appeal from the juvenile court's April 16, 1998, minute order and its April 27, 1998, written decision. This appeal is pending as case No. F031048.

On August 4, 1998, the section 366.26 hearing was held. Martha's and the natural father's parental rights were terminated and the department was ordered to proceed with a plan of adoption. On September 21, 1998, Martha filed a notice of appeal, which is pending as case No. F031750.

On October 27, 1998, the department moved to dismiss the appeal pending as case No. F031048. Martha filed opposition to the motion to dismiss on November 2, 1998. On November 9, 1998, this court issued an order deferring a ruling on the motion to dismiss until consideration of the appeal on the merits.

On December 21, 1998, on this court's own motion, the appeals in Nos. F031048 and F031750 were consolidated. This court also directed the parties to brief the issue of whether, if this court were to affirm the judgment in No. F031750, the appeal in No. F031048 would be moot. As directed, both the department and Martha filed letter briefs. The final brief in the consolidated appeals was filed January 6, 1999.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

* See footnote, *ante*, page 1017.

Discussion

A. *No. F031048*

██ In No. F031048, Martha appeals from the juvenile court's April 18, 1998, order denying her section 388 petition for reinstatement of supervised visitation. This order was made during the hearing at which the court entered an order setting a section 366.26 permanency planning hearing.

The department, in its motion to dismiss No. F031048, contends the section 388 order was not an appealable order because (1) it was made contemporaneously with an order setting a section 366.26 hearing; and (2) Martha failed to comply with the provisions of section 366.26, subdivision (*l*). The department relies on this court's opinion in *In re Charmice G., supra,* 66 Cal.App.4th 659. Martha contends *Charmice G.* is distinguishable because the appeal in *Charmice G.* dealt with a section 388 request for placement and her appeal deals with a section 388 request for visitation.

Section 366.26, subdivision (*l*) provides in relevant part:

"(*l*)(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section."

In *Charmice G.,* we held that a party cannot challenge by appeal at any time the decision to set a section 366.26 hearing if the party does not comply with subdivision (*l*)(1)(A) and (B). (66 Cal.App.4th at p. 671; accord, *Anthony D.* v. *Superior Court* (1998) 63 Cal.App.4th 149, 158 [73 Cal.Rptr.2d 479]; *Wanda B.* v. *Superior Court* (1996) 41 Cal.App.4th 1391, 1395 [49 Cal.Rptr.2d 175]; *Joyce G.* v. *Superior Court* (1995) 38

Cal.App.4th 1501, 1507 [45 Cal.Rptr.2d 805]; *Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 812, fn. 5 [41 Cal.Rptr.2d 731].) We also held that an order setting a section 366.26 hearing is a nonappealable order. (*In re Charmice G., supra,* 66 Cal.App.4th at p. 666.)

Section 366.26, subdivision (*l*), applies to all "issues arising out of the contemporaneous findings and orders made by a juvenile court in setting a section 366.26 hearing." (*Wanda B.* v. *Superior Court, supra,* 41 Cal.App.4th 1391, 1396.) This includes issues based upon the denial of a parent's section 388 petition where a reversal of such denial would require vacation or reversal of the setting order itself. (*In re Charmice G., supra,* 66 Cal.App.4th at p. 670.)

We agree with Martha that here, unlike the situation in *Charmice G.,* overturning the order denying her section 388 petition would not necessarily require the vacation or reversal of the contemporaneous setting order. Martha sought the visitation order so as to gain an opportunity to develop facts supporting a section 366.26, subdivision (c)(1)(A), exception to termination in the event the juvenile court at the scheduled permanency planning hearing were to consider adoption as the permanent plan for Anthony.[2] A finding that Martha should have been afforded the visitation she wanted would not be inconsistent with a permanent plan based upon guardianship or long-term foster care. (See § 366.26, subd. (b)(2) & (3).) Although the juvenile court specifically referred to adoption in making its setting order, the necessary adoption assessment (§§ 366.21, subd. (i), 366.22, subd. (b)) had not been performed and it was uncertain at the time the setting order was issued whether adoption would be chosen, particularly because Anthony had certain special needs and the guardian had experienced emotional problems. By contrast, in *Charmice G.* the parent's section 388 petition prayed for return of the child to parental custody, which, if ordered, would have been incompatible with any of the three long-term placement alternatives authorized by section 366.26, subdivision (c).

Nevertheless, we hold here that the trial court's order on Martha's section 388 petition is subject to section 366.26, subdivision (*l*). "Of the many private and public concerns which collide in a dependency proceeding, time is among the most important. [Citation.] The action ' "must be concluded as rapidly as is consistent with fairness . . . ." ' [Citations.] The state's interest in expedition and finality is 'strong.' [Citation.] The child's interest in

---

[2] Section 366.26, subdivision (c)(1)(A), provides that the trial court may refuse to terminate parental rights if it finds that termination would be detrimental to the child because the parents "have maintained regular visitation and contact" with the child and the child "would benefit from continuing the relationship."

securing a stable, 'normal,' home 'support[s] the state's particular interest in finality.' [Citation]." (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1152 [65 Cal.Rptr.2d 913], fn. omitted.) Because section 366.26, subdivision (*l*) promotes these paramount interests by expediting " 'finality in dependency proceedings' " (*In re Charmice G., supra,* 66 Cal.App.4th at p. 668), we cannot ascribe to the Legislature any intention other than to subject to the bar of section 366.26, subdivision (*l*) *all* orders issued at a hearing at which a setting order is entered. The goals of expedition and finality would be compromised if the validity of these types of contemporaneous, collateral orders were permitted to be raised by appeal from the order itself or from a later permanent planning order and therefore allowed to remain undecided until well after the permanent plan was decided upon. The desired expedition and finality obviously would be most threatened when the permanent plan was adoption and termination of parental rights, the preferred plan which *must* be ordered if the child is found to be adoptable and the juvenile court cannot make any of the findings set out in section 366.26, subdivision (c)(1)(A) through (D). (*In re Charmice G., supra,* 66 Cal.App.4th at p. 668; § 366.26, subd. (c)(1).)

We recognize the possibility that some collateral orders issued contemporaneously with a setting order may not be inconsistent with the permanent plan ultimately selected. This case presents an example. As we noted above, reversal of the trial court's order on Martha's section 388 petition would not require reversal of an order establishing long-term foster care or guardianship as the permanent plan. However, it would be impracticable to except from section 366.26, subdivision (*l*) orders which turned out to be compatible with the plan selected at the later section 366.26 hearing. The parent would be left in the dark about whether a collateral order was subject to subdivision (*l*) until the conclusion of the permanency planning hearing, too late for the parent to seek review under subdivision (*l*) in one instance and perhaps too late to file a notice of appeal from the collateral order in the other.

We also acknowledge that this decision may prompt the juvenile courts to defer, until the next status hearing, consideration of and rulings on interim motions filed by parents, thereby making these rulings reviewable only under section 366.26, subdivision (*l*), if a setting order were issued at the status hearing. We do not find anything objectionable about such a practice. If the juvenile court does not issue a setting order at the status hearing when it hears and decides the parent's interim motion, the parent's appeal from the decision on the motion would be taken at the same time as any appeal from the status review order (§ 395), thereby reducing the number of sequential appeals and the accompanying delays in the progress of the dependency. If a

setting order is issued at the status hearing when the motion is decided, the parent would not be deprived of appellate review of the ruling on the motion and the purposes underlying section 366.26, subdivision (*l*), would be served.

For the reasons expressed, we conclude the rule of *Charmice G.* applies to any order, regardless of its nature, made at the hearing at which a setting order is entered. We are satisfied the Legislature, by its enactment of section 366.26, subdivision (*l*), sought to outlaw review by appeal of all decisions made in conjunction with a setting order. Accordingly, Martha's failure to pursue her section 366.26, subdivision (*l*), petition challenging the April 16, 1998, denial of her section 388 petition requires dismissal of her appeal in proceeding No. F031048.

The cases cited by Martha are not persuasive or supportive of her position. *In re Kristin W.* (1990) 222 Cal.App.3d 234 [271 Cal.Rptr. 629] does not address section 366.26, subdivision (*l*), the opinion predating the subdivision by several years. (§ 366.26, subd. (*l*)(5).) In *John F.* v. *Superior Court* (1996) 43 Cal.App.4th 400 [51 Cal.Rptr.2d 22], the parent timely and properly filed a notice of intent to file writ petition pursuant to California Rules of Court, rule 39.1B and pursued the remedy. (43 Cal.App.4th at pp. 402, 404.) In *In re Natasha A.* (1996) 42 Cal.App.4th 28 [49 Cal.Rptr.2d 332], the court did not address the situation where a collateral order was made at a hearing at which a setting order was entered. (*Id.* at pp. 31, 34.)

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The appeal in case No. F031048 is dismissed. The judgment (termination order) in case No. F031750 is affirmed.

Thaxter, J., and Levy, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 15, 1999. Kennard, J., and Brown, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1017.