Filed 5/26/21  In re C.L. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.L., a Person Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>S.L.,<br><br>    Defendant and Appellant. | F082254<br><br>(Super. Ct. No. 19JP-00004-A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P.J., Peña, J. and Snauffer, J.

S.L. (mother) appeals from the December 15, 2020 orders of the juvenile court terminating her parental rights to her son C.L., now age two. After examination of the record, mother's appointed counsel was unable to identify any arguable issues.

A letter brief filed by mother does not present good cause that an arguable issue exists. As set forth more fully below, mother's appeal is dismissed. (*In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*).)[1]

## ABBREVIATED STATEMENT OF CASE AND FACTS

C.L.'s presumed father is Kevin L. (father). Father's two older children, C.L.'s half siblings, were dependents of the juvenile court from 1998 to 2000 when father's parental rights to those children were terminated. C.L. also has an adult maternal half sibling.

Mother has a child protective services (CPS) history dating back to 2014. Mother and father are married but separated in 2018.

The Merced County Child Welfare Services Agency (agency) received a referral in January of 2019 that mother gave birth to C.L., who tested positive for amphetamines and methamphetamines and was in respiratory distress. Mother admitted drinking alcohol during the first six months of her pregnancy but stopped and took only "sips" of alcohol once she found out she was pregnant. Mother also admitted smoking marijuana daily throughout her pregnancy.

A Welfare and Institutions Code section 300 petition was filed January 11, 2019, alleging C.L. was at risk of harm due to the positive drug test at birth, mother's alcohol and marijuana use during pregnancy, mother's failure to protect the child from exposure

---

[1]     In *Phoenix H.*, the Supreme Court held that where an appointed attorney in a juvenile dependency case is unable to find an arguable issue for appeal, the attorney should inform the court that he or she has found no arguable issues for appeal, file a brief setting out the applicable facts and law, and provide a copy of the brief to the parent. The Court of Appeal has discretion to permit the parent to file a brief upon a showing of good cause. (*Phoenix H., supra,* 47 Cal.4th at pp. 841–846.)

to dangerous substances in utero, mother's lack of prenatal care, and that mother lived in Arizona with father, who was a chronic methamphetamine user. (§ 300, subd. (b)(1).) The petition further alleged that C.L. had been left without any provision for support (§ 300, subd. (g)), and that C.L. was at risk due to father's neglect of C.L.'s half siblings (§ 300, subd. (j).)

At the jurisdiction and disposition hearing March 19, 2019, the juvenile court dismissed the subdivision (g) allegation and found the remaining allegations true. C.L. was removed from his parents and reunification services were ordered.

By the time of the six-month review hearing, the agency recommended that mother be allowed to continue in her reunification services, but that services for father be terminated. At the contested October 22, 2019 hearing, mother testified that she had completed her case plan and requested family maintenance services. The juvenile court found that mother was "making progress," but continued C.L. as a dependent in out of home placement. The court continued services for mother but terminated them for father.

In the report for the 12-month review hearing, the agency recommended that mother's reunification services be terminated, and that C.L. remain in a concurrent foster home. The agency reported that mother had not met her substance abuse objectives as she had continuous relapses, she tested positive for drugs, failed to submit to drug screening, and she failed to engage in her treatment plan.

Due to Covid-19, the contested 12-month hearing was combined with the 18-month hearing held July 21, 2020. By that time, the agency reported that mother was visiting with C.L., but she had not maintained sobriety for longer than two months. On July 23, 2020, the juvenile court found mother had not made significant progress, terminated services and a section 366.26 hearing was set.

On July 30, 2020, mother filed the form notice of intent to file writ petition, regarding the findings and order terminating her parental rights. This court issued an opinion dismissing the petition on October 13, 2020 (case No. F081476).

3.

In the report prepared by the agency for the December 15, 2020 contested section 366.26 hearing, the agency recommended a permanent plan of adoption for C.L. with termination of parental rights for mother and father. C.L. was described as having no medical or dental issues, he was developing age appropriately, socially, cognitively, and emotionally, and was not in need of mental health services. His current caregivers wished to adopt him.

Visits between mother and C.L. were appropriate but remained supervised. The agency did not recommend visits between C.L. and mother following termination of parental rights. The caregivers were open to showing photos of C.L. to mother.

At the contested hearing, mother's counsel made an offer of proof for mother, stating she did not agree with the agency's recommendation because there was a sufficient bond between her and C.L. to preclude termination of parental rights. Mother was asking for legal guardianship instead of adoption.

The juvenile court followed the recommendations of the agency and found C.L. adoptable and terminated mother and father's parental rights.

## DISCUSSION

An appealed from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her letter brief, mother challenges the order terminating her parental rights by attacking the juvenile court's finding of jurisdiction over C.L., claiming her toxicology screen was negative at the time of C.L.'s birth, and that no effort was made to keep C.L. with mother rather than remove him from her custody at disposition.

One of the most fundamental rules of appellate review is that the time for filing a notice of appeal is jurisdictional. " ' "If an order is appealable ... and no timely appeal is

4.

taken therefrom, the issues determined by the order are res judicata." ' [Citation.] 'An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.' [Citation.] Appellate jurisdiction to review an appealable order depends upon a timely notice of appeal. [Citation.]" (*Wanda B. v. Superior Court* (1996) 41 Cal.App.4th 1391, 1396, quoting *In re Cicely L.* (1994) 28 Cal.App.4th 1697, 1705 and *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563.)

"The first appealable order in a dependency case is the dispositional order ... a challenge to the jurisdictional findings must be raised in an appeal from the dispositional order." (*In re T.W.* (2011) 197 Cal.App.4th 723, 729.) Mother should have filed a notice of appeal of the juvenile court's jurisdictional and dispositional orders within 60 days of March 19, 2019, the date of the dispositional order. (Cal. Rules of Court, rule 8.406(a).) It is only in very rare and " 'special circumstances constituting an excuse for failure to [timely appeal]' " that an appellate court may grant review of an appealable order by way of extraordinary writ after the deadline to appeal has passed. (*Mauro B. v. Superior Court* (1991) 230 Cal.App.3d 949, 953, citing *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 865.)

Because mother's challenge to the jurisdictional and dispositional findings is untimely, we do not have jurisdiction to review that order. Given our lack of jurisdiction over the issues raised by mother, we conclude mother has not made a good cause showing that an arguable issue of reversible error exists.

**DISPOSITION**

The appeal is dismissed.

5.