Filed 10/6/23  In re D.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re D.F., a Person Coming Under the Juvenile Court Law. | C097974 |
| EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.F. et al., <br><br> Defendants and Appellants. | (Super. Ct. No. SDP20190027) |

D.F. (the minor) was detained following a domestic violence incident between J.F. (father) and P.A. (mother). Half-siblings E.A. and A.A. are not involved in this appeal. Family reunification services were offered to the parents, and the minor was returned to mother's care. However, following another domestic violence incident between mother and father, the minor was once again detained. After 25 months of family reunification and maintenance services, the juvenile court terminated services for mother and father. It denied subsequent modification petitions filed by the parents under Welfare and Institutions Code section 388[1] seeking to return the minor to their care and reinstate services and, following a section 366.26 hearing, terminated their parental rights.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Father now contends the juvenile court erred in (1) denying his section 388 modification petition; (2) finding that he was offered reasonable services; (3) not ensuring he received visitation with the minor; (4) finding continued jurisdiction over the minor and retaining jurisdiction based on father's mental health issues and domestic violence; and (5) ruling that the beneficial parental relationship exception to adoption was inapplicable. Mother joins in the last contention only.

We do not decide father's first four contentions because he failed to timely challenge the referenced orders and/or his contentions are forfeited. As to the fifth contention, mother and father have not established that the beneficial parental relationship exception applies. We will dismiss the appeal as to the order denying father's section 388 petition and as to any order made on November 17, 2022 and December 15, 2022, and affirm the order terminating parental rights.

BACKGROUND

In November 2019, El Dorado County Health and Human Services Agency (the Agency) filed a section 300 petition on behalf of the minor (then four and a half years old) based on domestic violence between mother and father and mother's failure to protect half-sibling E.A. from abuse. The minor and her half-siblings E.A. and A.A. were detained on November 19, 2019. Father is the presumed father of the minor only. The juvenile court sustained the allegations of the section 300 petition, adjudged the minor a dependent of the court, removed her from parental custody, and ordered family reunification services for mother and father.

A.A. was returned to mother's care in January 2021. The minor was returned to mother's care on April 22, 2021. E.A. had aged out of the child welfare system by that time. The juvenile court ordered the Agency to provide family maintenance services, including random drug testing.

On April 29, 2021, the juvenile court vacated its order allowing father to live with mother and the children after the social worker reported that father appeared to have a

2

psychotic episode outside the Child Protective Services office. The minor and A.A. were allowed to remain in mother's care and mother was ordered to participate in family maintenance services. Father was ordered to participate in enhancement services and was allowed supervised visitation with the minor.

On November 4, 2021, father filed a section 388 petition requesting that he be allowed to reside with mother and the children. The juvenile court granted the petition.

About a month later, however, after another physical altercation between mother and father, the Agency filed a section 387 supplemental petition. The minor was detained and the juvenile court ordered family reunification services for mother and father.

The Agency filed a second section 387 supplemental petition in March 2022 after father tested positive for controlled substances on two occasions. The juvenile court sustained the allegations of both supplemental petitions. It found mother and father had received 25 months of child welfare services, including family reunification and maintenance services, and had exhausted the period for reunification. The juvenile court terminated services and set a section 366.26 hearing.

Eight days before the section 366.26 hearing, father filed another section 388 petition seeking to reinstate family reunification services. At an October 11, 2022 combined section 388 and 366.26 hearing, the juvenile court heard testimony from mother, father, and the social workers. Father argued for the minor's return to his care with family maintenance services. Mother likewise requested the minor's return to her care and family maintenance services. The juvenile court took the section 388 petitions under submission and on November 28, 2022, issued a written order denying them.

The juvenile court heard oral argument with respect to the section 366.26 petition on December 15, 2022. Mother and father argued for the application of the beneficial parental relationship exception. The juvenile court took the matter under submission and, in a February 1, 2023 written order, terminated parental rights. It announced its ruling and made further orders at a February 9, 2023 hearing.

Additional background is set forth in the discussion as relevant to the contentions on appeal.

DISCUSSION

I

Father contends the juvenile court erred in denying his section 388 petition. But father's appeal from that order is untimely.

"[D]ependency proceedings in which a child is removed from his or her home typically involve four phases: jurisdiction, disposition, reunification and implementation of a permanent plan if reunification is unsuccessful." (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 302.) The dispositional order is the judgment; it is the first appealable order in a dependency case. (*In re T.W.* (2011) 197 Cal.App.4th 723, 729; *In re S.B.* (2009) 46 Cal.4th 529, 532.) Any subsequent order in a dependency case may be appealed as an order after judgment. (§ 395, subd. (a)(1); but see § 366.26, subd. (*l*) [an order setting a section 366.26 hearing must be reviewed by a timely-filed petition for extraordinary writ].) If an order is appealable and no timely appeal is taken therefrom, the order is final and binding and may not be attacked on an appeal from a later appealable order. (*In re S.B.*, at p. 532; *John F. v. Superior Court* (1996) 43 Cal.App.4th 400, 405; *Wanda B. v. Superior Court* (1996) 41 Cal.App.4th 1391, 1396.) An appellate court lacks jurisdiction to review orders that have become final. (*Wanda B.,* at p. 1396; *In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1331 & fn. 2.)

Appellate jurisdiction to review an appealable order depends on the timely filing of a notice of appeal. (*In re J. F.* (2019) 39 Cal.App.5th 70, 74; *In re Elizabeth G., supra*, 205 Cal.App.3d at p. 1331.) Where the juvenile court did not pronounce its ruling in open court but rather took the matter under submission and later issued a written order, the time for filing a notice of appeal runs from the date of service of the written order on the parties, and the notice of appeal must be filed within 60 days thereafter. (Cal. Rules of Court, rule 8.406(a)(1); *Adoption of Reed H.* (2016) 3 Cal.App.5th 76, 82.)

4

An order denying a section 388 petition is an appealable order. (*In re J.F., supra*, 39 Cal.App.5th at p. 74.) The juvenile court issued a written order denying mother and father's section 388 petitions on November 28, 2022. The court clerk served the order on the parties the next day. Father's February 15, 2023 notice of appeal was not timely as to the order denying the section 388 petitions. (Cal. Rules of Court, rule 8.406(a)(1).)

Likewise, we cannot consider father's appeal as to findings and orders made on November 17, 2022 and December 15, 2022, because father did not timely file a notice of appeal as to such orders. (Cal. Rules of Court, rule 8.406(a)(1).)

Because the timeliness of an appeal poses a jurisdictional issue, we must raise the point sua sponte. (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849; *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667.) The parties did not address the timeliness of father's appeal as to the orders denying father's section 388 petition and the orders made on November 17, 2022 and December 15, 2022. Because the law appears to be clear, we will dismiss the appeal as to those orders without requesting supplemental briefing on the issue. (Cal. Rules of Court, rule 8.104(b); *In re Fredrick E. H.* (1985) 169 Cal.App.3d 344, 347.) Any party aggrieved may file a petition for rehearing. (Gov. Code, § 68081.)

II

Father next argues the juvenile court erred in finding that the Agency offered him reasonable services.

On April 29, 2022, the juvenile court addressed the Agency's section 387 supplemental petitions. It found that the Agency had offered mother and father reasonable child welfare services and it terminated services for mother and father. Those orders were appealable but father did not appeal. (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563.)

The juvenile court also made findings on May 5, 2022, that reasonable services had been offered and it set a section 366.26 hearing at that time. An order setting a section 366.26 hearing is not appealable unless a petition for extraordinary writ review substantively addressing the specific issues to be challenged was filed in a timely manner. (§ 366.26, subd. (*l*)(1).) Father did not file a writ petition seeking review of the order setting a section 366.26 hearing so he is precluded from seeking review of those orders. (*Ibid.*)

In his section 388 petition, father said new information showed that reasonable services had not been offered to father and mother. But he did not timely appeal from the order denying his section 388 petition. (Cal. Rules of Court, rule 8.406(a)(1); see *Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811-812; *In re Cicely L.* (1994) 28 Cal.App.4th 1697, 1705.)

We lack jurisdiction to consider father's challenge to the juvenile court's finding of reasonable services.

### III

Father also asserts that the juvenile court failed to ensure he received visitation with the minor. But he does not identify, with citation to the record, which of the juvenile court's orders he is challenging. We do not consider father's undeveloped claim. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 (*Keyes*); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245, fn. 14 (*Nwosu*).)

### IV

In addition, father contends the juvenile court erred in finding continued jurisdiction over the minor and in retaining jurisdiction based on father's mental health issues and domestic violence. Father cites sections 300 and 364, subdivision (c) and California Rules of Court, rule 5.706.

Again, father does not provide any record citation identifying a challenged order. If father is challenging the January 9, 2020 findings and order after the jurisdiction

hearing, a challenge to jurisdictional findings must be raised in an appeal from the disposition order. (*In re T.W., supra,* 197 Cal.App.4th at p. 729; *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112.) Father did not appeal from the February 6, 2020 disposition order. If father is challenging the July 15, 2021 findings and orders after the section 364 review hearing, father did not appeal from that order either. (Cal. Rules of Court, rule 8.406(a)(1).) In any event, his undeveloped claim is forfeited. (*Keyes, supra,* 189 Cal.App.4th at p. 656; *Nwosu, supra,* 122 Cal.App.4th at p. 1246, fn. 14.)

V

Father further claims the juvenile court erred in concluding that the section 366.26, subdivision (c)(1)(B)(I) beneficial parental relationship exception did not apply. Mother joins in this contention.

A

Focusing on the bond between the minor and each of them, mother and father argued that the beneficial parental relationship exception precluded terminating their parental rights. The minor's counsel countered that although the minor loved her parents, many of her experiences with them had been traumatic, and the minor was worried about the conflict between her parents and preoccupied with her father's mental health and safety. The Agency's counsel similarly highlighted the minor's chaotic life with her parents and argued that adoption would provide the minor with safety and stability.

The juvenile court made the following findings: The minor was four years old when she was removed from her home; she had lived in foster care for two years and six months during the dependency case. The minor and father had a bond, but there was insufficient evidence as to the minor's bond with mother. When the minor lived with the parents, she was often preoccupied with the domestic violence in the home and father's mental health and physical safety because of father's statements that people were trying to kill him. On the other hand, reports from the social worker and the court appointed special advocate showed the minor transitioned easily into her prospective adoptive

7

parent's home, felt she was part of the family, liked the other children in the family, felt safe and happy, and shifted to a more playful and creative environment, becoming a new person. While the minor had lived with her prospective adoptive family only six months, the new family was providing her the stability she needed.

The juvenile court found by clear and convincing evidence that it was likely the minor would be adopted. It determined there was insufficient evidence to establish by a preponderance of the evidence that the minor had such a substantial, positive, emotional attachment to the parents that terminating the relationship with them would be detrimental and destabilizing for the minor when balanced against the countervailing benefit of a new, stable, adoptive home. The juvenile court concluded that the benefit of placing the minor in a new adoptive home outweighed any harm she might suffer from terminating her relationship with the parents.

B

At a selection and implementation hearing held pursuant to section 366.26, the juvenile court determines whether to terminate the parental relationship, freeing the child for adoption, or preserve the parental relationship and select another permanent plan for the child. (*In re Caden C.* (2021) 11 Cal.5th 614, 625, 630.) The statutorily-preferred permanent plan is adoption. (§ 366.26, subd. (b)(1).) Except in specified circumstances, if, as here, there was a ruling that family reunification services are terminated and a finding by clear and convincing evidence that the child is likely to be adopted, the juvenile court must terminate parental rights to allow for adoption. (§ 366.26, subd. (c)(1); *In re Caden C.*, at p. 630.) The object at such a stage of the dependency proceedings -- after family reunification services are terminated -- is to meet the child's need for a stable, permanent home. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 308-309; *In re Dakota H.* (2005) 132 Cal.App.4th 212, 223.)

A parent may avoid termination of parental rights by establishing "that termination would be detrimental to the child [because] . . . . [¶] [t]he parents have maintained regular

visitation and contact with the child and the child would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(B)(i).) Under this exception, parental rights are preserved even if the child cannot be returned to the parent's custody because severing the child's relationship with the parent would be harmful to the child when balanced against the benefits of an adoptive home. (*In re Caden C., supra*, 11 Cal.5th at p. 630.) The exception requires the parent to prove three elements by a preponderance of the evidence: (1) that the parent had regular visitation and contact with the child; (2) that the child has a substantial, positive, emotional attachment to the parent; and (3) that terminating the relationship with the parent would be detrimental to the child even when balanced against the benefits of an adoptive home. (*Id.* at pp. 631, 636.) The focus of each element is on the best interests of the child. (*Id.* at pp. 632-634.)

We review the first two elements for substantial evidence and the third element for abuse of discretion. (*In re Caden C., supra*, 11 Cal.5th at pp. 639-640.) Applying these standards, we conclude sufficient evidence supports the juvenile court's determination and there was no abuse of discretion.

It is undisputed that there were regular visits with the minor. As to the second element, it is true the minor had a significant emotional attachment to father. But in November 2019, the parents engaged in a physical altercation in the home and the minor witnessed the incident. Father was arrested for battery. The minor cried during the arrest. The parents were previously involved in a domestic violence incident when the children were in the home, resulting in father's arrest. The parents had another physical altercation in the home on December 3, 2021, resulting in mother's arrest. The minor was in father's arms when mother threw a lamp at father. Something hit the minor, causing her nose to bleed. In a subsequent interview, the minor said she felt sad when the parents fought and was worried when she saw father bleeding.

There is also substantial evidence that father's continued struggle with mental health had a negative effect on the minor. A parent's continued struggle with issues

9

leading to dependency is relevant to whether the relationship has a positive or negative effect on the child and whether loss of a relationship with the parent would be more or less detrimental to the child than adoption. (*In re Caden C., supra*, 11 Cal.5th at pp. 637, 639.) The police were called to the family home due to father's mental health issues at least six times in two years. In relation to the December 3, 2021 domestic violence incident, the minor said father told her that mother and the social worker were out to hurt him and people were trying to kill him. The minor felt sad and cried when father said that. A.A. reported that father was hearing things and seeing things that were not there, and father said mother, A.A., and the minor were "putting people out to get him." Mental health services notes for the minor showed that in late 2021, the minor was unable to sleep until father got home from work, which was around 10 or 11 p.m., and the minor spent a lot of time Faceting with father while he was at work. Mother likewise reported that the minor worried about father and was fidgety at home and at school. While she recognized father's mental health was decompensating in late 2021, mother allowed father to remain in the home and did not seek help.

In addition, mother and father have not established that terminating their relationship with the minor would, when weighed against the stability and security of a new adoptive home, be detrimental to the minor. The social worker's reports show the minor transitioned easily into the home of her prospective adoptive family and said she felt safe and happy there. The minor enjoyed the other children in the home, liked participating in family activities, and responded well to boundaries and guidance at her new home. The minor had been removed from the parents' care twice before turning seven years old. As the social worker stated, the minor had experienced much instability in her short life and she needed a permanent and stable home environment. Balancing the negative and positive features of the minor's relationship with her parents and considering the benefits of the minor's placement in the home of her prospective adoptive family, the juvenile court did not abuse its discretion in ruling that the security and

10

stability the prospective adoptive family offered the minor outweighed the loss of the minor's relationship with her parents. Mother and father have not established that the parental-benefit exception applies.

## DISPOSITION

The appeal as to the juvenile court's order denying father's section 388 petition and any order made on November 17, 2022 and December 15, 2022 is dismissed. The order of the juvenile court terminating parental rights is affirmed.


/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.