[No. G026843. Fourth Dist., Div. Three. Nov. 30, 2000.]

KAWASAKI MOTORS CORP., U.S.A., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
SABA A. SABA et al., Real Parties in Interest.

**COUNSEL**

Paul, Hastings, Janofsky & Walker, Donald L. Morrow, Laura A. Forbes; Alvarado, Smith & Sanchez and Maurice Sanchez for Petitioner.

No appearance for Respondent.

J. Brian Urtnowski & Associates and J. Brian Urtnowski for Real Parties in Interest Saba A. Saba, SBD Partners, Inc., and Honda Kawasaki Sport-Center.

No appearance for Real Party in Interest New Motor Vehicle Board.

**OPINION**

**RYLAARSDAM, J.**—Where an automotive dealer protests the termination of its franchise to the New Motor Vehicle Board and the board overrules the protest, judicial review should be conducted under the substantial evidence test, not the independent judgment test. Because the trial court applied the wrong standard, we issue a writ of mandate directing the trial court to reverse its decision.

### FACTUAL AND LEGAL BACKGROUND

Petitioner, Kawasaki Motors Corp., U.S.A., entered into a dealer sales and service agreement with real parties in interest, Saba A. Saba, SBD Partners,

Inc., and Honda Kawasaki SportCenter (collectively Saba). This agreement imposed various conditions on Saba, including the following: (1) Saba was prohibited from moving to a different location; (2) Saba was to maintain an adequate credit line; (3) Saba was to maintain adequate facilities; and (4) Saba was to maintain a model inventory. The agreement provided Kawasaki had the right to terminate the agreement for Saba's violation of the provisions of the contract.

Kawasaki concluded that Saba violated these contract provisions and sent Saba notices terminating the agreement. The notices specified other alleged breaches of the contract not relevant here and advised Saba it was entitled to file a protest with California's New Motor Vehicle Board.

Vehicle Code section 3060 et seq. provides that, upon protest by a dealer, a dealership may not be terminated without the approval of the New Motor Vehicle Board. The statute specifies procedures for hearing and decision by the board. Pursuant to this statute, Saba filed a protest. An administrative law judge first heard the matter. After conducting a hearing, she issued a proposed decision sustaining the protest upon conditions. The public members of the board, after reviewing this proposed decision, issued a detailed, 23-page opinion concluding, inter alia, that Saba had violated each of the four cited contract provisions. The board also conducted a careful analysis of the facts in relation to Vehicle Code section 3061 that lists the factors which should be considered by the board in determining whether good cause existed for terminating the dealership, and concluded Kawasaki was permitted to terminate the dealership.

Saba then filed a petition for a writ of mandate in the superior court. The petition sought an order compelling the New Motor Vehicle Board to set aside its decision permitting Kawasaki to terminate the dealership. After considering the evidence, including evidence of events occurring after the board issued its decision, and applying an independent judgment standard, the court issued a peremptory writ of mandate directing the board to vacate its decision and to adopt the decision of the administrative law judge. The board complied with this order and this petition by Kawasaki followed.

The petition filed in the superior court named the New Motor Vehicle Board as respondent. The Attorney General appeared in that court on behalf of the board. When Kawasaki filed its petition in this court, it did not name the board as a party; nor did Kawasaki furnish us with a proof of service indicating that any of the documents filed here were served either on the board or on the Attorney General. We thereupon issued an order inviting the parties to file a letter brief advising this court whether the board should have

been named and served; we ordered a copy of this order be sent to the board and to the Attorney General.

In response to this order, we received an informal reply from Kawasaki and from the Attorney General on behalf of the board. The Attorney General advised us the board had been served with the papers herein, did not intend to appear at the hearing, and would abide by the decision of this court. The board expressed its opinion on the merits that the trial court should have applied a substantial evidence rather than an independent judgment standard.

Subsequently we issued an order making the New Motor Vehicle Board a real party in interest and determined the board had waived the right to file a formal answer or brief.

## DISCUSSION

*The Appropriate Standard of Review Is the Substantial Evidence Test*

Code of Civil Procedure section 1094.5 applies to the judicial review of administrative orders. Subdivision (c) of the statute provides two standards for such review. "[1] Where it is claimed that the findings are not supported by the evidence, *in cases in which the court is authorized by law to exercise its independent judgment on the evidence*, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. [2] In *all other cases*, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Italics added.)

The seminal California case concerning the scope of judicial review of the decisions of administrative bodies under the statute is *Bixby v. Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242] (*Bixby*). *Bixby* established that the independent judgment test should only be applied to "administrative decisions which substantially affect vested, fundamental rights . . . ." (*Id.* at p. 143.) Kawasaki does not dispute Saba's right to operate the dealership was a vested right; we must therefore determine whether the right to operate a Kawasaki dealership is a fundamental right.

*Bixby* stated, "In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation." (*Bixby, supra,* 4 Cal.3d at p. 144.) These references to "human terms" and "the individual in the life situation" raise the question whether a corporation or a business entity such as is involved here can possess "fundamental rights" as that term is used in *Bixby*.

*Bixby* also notes the "slighter sensitivity to the preservation of purely economic privileges" (*Bixby, supra,* 4 Cal.3d at p. 145), and illustrates this by citing *Faulkner v. Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 328-330 [253 P.2d 659] (owners of bridge authority bonds cannot prevent construction of a second toll crossing), *Temescal Water Co. v. Dept. Public Works* (1955) 44 Cal.2d 90, 103 [280 P.2d 1] (water company did not have a fundamental right to divert water from a particular river), and *Beverly Hills Fed. S. & L. Assn. v. Superior Court* (1968) 259 Cal.App.2d 306, 316-317 [66 Cal.Rptr. 183] (savings and loan associations have no right to be free from additional competition). Here we are dealing with Saba's attempt to preserve purely economic privileges.

Based on the considerations spelled out in *Bixby,* we conclude that Saba's privilege to operate a Kawasaki dealership is not a fundamental right. Saba's reliance on *Goat Hill Tavern v. City of Costa Mesa* (1992) 6 Cal.App.4th 1519 [8 Cal.Rptr.2d 385] in arguing a contrary position is misplaced. *Goat Hill Tavern* involved a city's refusal to renew a conditional use permit. In contrast, we are dealing with regulatory interference with contractual rights; very different policies govern.

The parties have called our attention to a number of reported cases regarding decisions of the New Motor Vehicle Board which confirm our conclusion. All applied the substantial evidence test; neither the parties nor we were able to find a single case involving review of decisions of the board which applied the independent judgment test. *Champion Motorcycles, Inc. v. New Motor Vehicle Bd.* (1988) 200 Cal.App.3d 819 [246 Cal.Rptr. 325] held that the trial court properly applied the substantial evidence test, rather than the independent judgment test, to sustain the board's denial of a protest by one dealer to the establishment of an additional dealership in its area. "The right affected . . . was purely economic. [¶] . . . [¶] . . . [W]e conclude the trial court was correct in applying the substantial evidence test." (*Id.* at pp. 825-826.)

*Automotive Management Group, Inc. v. New Motor Vehicle Bd.* (1993) 20 Cal.App.4th 1002 [24 Cal.Rptr.2d 904] dealt with the duty of the board, rather than the administrative law judge, to determine the timeliness of a protest of the termination of a dealership. In holding the board had such a duty, the court discussed the standard of review and noted that under *Bixby,* the independent judgment standard only applies where the right involved is both vested and fundamental. (*Id.* at p. 1009.) The court stated: "No case has held that an automobile franchise is a fundamental vested right. Instead, '[i]t has been repeatedly held that the preservation of purely economic interests does not affect the fundamental vested rights. . . .' [Citation.]" (*Id.* at pp. 1009-1010.)

*British Motor Car Distributors, Ltd. v. New Motor Vehicle Bd.* (1987) 194 Cal.App.3d 81 [239 Cal.Rptr. 280] involved a petition seeking to overturn the determination of the New Motor Vehicle Board that the distributor had terminated the dealer without good cause. The trial court, applying an independent judgment standard, reversed the decision. The Court of Appeal reversed and, in doing so, held that a substantial evidence standard should have been employed. Citing *American Isuzu Motors, Inc v. New Motor Vehicle Bd.* (1986) 186 Cal.App.3d 464, 474 [230 Cal.Rptr. 769] and *Piano v. California ex rel. New Motor Vehicle Bd.* (1980) 103 Cal.App.3d 412, 422 [163 Cal.Rptr. 41], the court noted prior cases which applied the substantial evidence test to review decisions of the New Motor Vehicle Board and stated, "[w]e see no reason to depart from that precedent." *British Motor Car Distributors, Ltd. v. New Motor Vehicle Bd., supra,* 194 Cal.App.3d at p. 90.) Neither do we. The trial court applied the wrong standard of review.

Saba does not contend the decision of the New Motor Vehicle Board is not supported by substantial evidence, nor could it legitimately make such an argument. Therefore, there is no reason for us to direct the trial court to reexamine the issue under the appropriate standard.

*The Issue Is Not Moot*

After the superior court entered its judgment directing the New Motor Vehicle Board "immediately upon receipt of this Writ, to accept and issue the Proposed Decision of [the] Administrative Law Judge . . . as the Final Decision [of the board]," the board complied. It issued a new decision in compliance with the judgment. Saba argues that this makes the appeal moot. Citing *City of Carmel-by-the-Sea v. Board of Supervisors* (1982) 137 Cal.App.3d 964, 970-971 [187 Cal.Rptr. 379], Saba argues that the board waived its right of appeal. This argument is hardly worthy of a response. There are two real parties in interest. Although the board did not appeal, Kawasaki did; it filed the petition for extraordinary writ.

Saba suggested during oral argument that, rather than institute these proceedings, Kawasaki should have filed a new petition in the superior court attempting to invalidate the action the board took in complying with the order of that court. Had Kawasaki done so, it is inconceivable the trial court would have agreed that the board should not have complied with its own order. A far more likely result would have been that Kawasaki would have been sanctioned for initiating a frivolous proceeding. As we learned in our first year in law school, the law does not require the performance of idle acts. (Civ. Code, § 3532.)

*Adequate Remedy at Law?*

The judgment of the superior court is appealable. ■ Generally the availability of an appeal constitutes an adequate remedy at law precluding

writ relief. (*Phelan v. Superior Court* (1950)`35 Cal.2d 363, 366 [217 P.2d 951].) But there are exceptions to this rule. The alternative remedy must not only be "adequate," it must also be "plain" and "speedy." (Code Civ. Proc., § 1086.) We issued the writ herein because of the absence of a speedy remedy by way of appeal.

Because of Saba's filing of the administrative protest and the writ petition in the superior court, Kawasaki has been forced to sell its products through an undesirable dealer for over two years. It would be intolerable to require it to continue this relationship for another two years or more, the time required to complete an appeal.

## DISPOSITION

Let a writ of mandate issue directing the respondent superior court to vacate its peremptory writ of mandate dated January 29, 2000, and filed January 31, 2000, in Orange County Superior Court case No. 813732, entitled *Saba A. Saba v. New Motor Vehicle Board*. The respondent superior court shall further be directed to make a new and different order denying the petition for peremptory writ of mandate.

The respondent superior court shall further be directed to include in its order an order directing the New Motor Vehicle Board to vacate its order complying with the erroneously issued peremptory writ of mandate and to reinstate its previous order denying Saba's protest.

Upon this decision becoming final, Kawasaki's appeal from the decision of the trial court filed here and having been assigned case No. G027146 (*Saba A. Saba v. Kawasaki Motors Corp.*) shall become moot, and Kawasaki is ordered to dismiss the appeal.

Kawasaki shall recover its costs.

Sills, P. J., and O'Leary, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied February 14, 2001.