[No. G030358. Fourth Dist., Div. Three. June 6, 2002.]

JOE B., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties
in Interest.

24

**COUNSEL**

Carl C. Holmes, Public Defender, James Steinberg, Assistant Public Defender, and Paul T. DeQuattro, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Benjamin P. de Mayo, County Counsel, and Julie Agin, Deputy County Counsel, for Real Parties in Interest.

Karen S. Cianfrani for Minor.

## OPINION

**O'LEARY, J.**—Joe B.[1] petitions for a writ of mandate ordering the juvenile court to vacate its orders of February 21, 2002, and September 20, 2001, and to issue orders providing him with reunification services in the dependency proceedings involving his nine-year-old daughter, Joy M. Joe contends the court erred by: (1) finding he was suffering from a mental disability; (2) denying him reunification services; (3) disallowing monitored telephone visitation between him and Joy; (4) finding he came within its jurisdiction under Welfare and Institutions Code section 300,[2] subdivision (g); and (5) scheduling a hearing under section 366.26 for termination of parental rights without providing him reunification services.[3] We deny the petition.

Joy came to the attention of the Orange County Social Services Agency (SSA) after she was involved in a physical altercation between Joe, who had a long history of schizophrenia, and her stepmother, Cynthia B. In August 2001, the court found Joy came within the juvenile court's jurisdiction and, over Joe's objection, continued the matter for 30 days to obtain psychiatric evaluations.

In September, the juvenile court found Joe suffered from a mental disability, declared Joy to be a dependent child, and denied reunification services. It continued the matter six months for a review hearing, and Joe timely appealed the disposition order. (*In re Joy M.* (2002) 99 Cal.App.4th 11 [120 Cal.Rptr.2d 714].) At the review hearing, the court set the matter for a hearing on termination of parental rights. The writ petition ensued, challenging that order and the disposition order.

Joe claims this writ proceeding is authorized and required by California Rules of Court, rule 39.1B.[4] The rule provides in relevant part: "The purpose of this rule, as mandated by statute, is to facilitate and implement the following policies: [¶] (1) To achieve a substantive and

[1]Although Joe B.'s attorney filed his petition using the name Joseph B., he informed us at oral argument the petitioner's true name is Joe B. We granted his oral motion to amend the petition to reflect Joe's correct name.

[2]All further statutory references are to the Welfare and Institutions Code.

[3]Joe initially also argued the court erred by continuing the disposition hearing over his objection and without good cause but later withdrew the claim.

[4]All further references to rules are to the California Rules of Court.

meritorious [writ] review by the appellate court within the period specified in Welfare and Institutions Code sections 361.5, 366.21, and 366.22 for the commencement of a hearing under section 366.26."

Because the juvenile court set a hearing under section 366.26 and writ review is the exclusive means to challenge orders setting such hearings (§ 366.26, subd. (*l*)), Joe reasons a writ proceeding is proper and necessary. Not so.

■ "Dependency appeals are governed by section 395, which provides in relevant part: 'A judgment in a [dependency] proceeding . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . . .' [¶] This statute makes the dispositional order in a dependency proceeding the appealable 'judgment.' [Citation.] Therefore, all subsequent orders are directly appealable without limitation, except for post-1994 orders setting a [section 366.26] hearing when the circumstances specified in section 366.26, subdivision (*l*), exist. [Citations.] A consequence of section 395 is that an unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order. [Citations.]" (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1149-1150 [65 Cal.Rptr.2d 913]; accord, *In re Nada R.* (2001) 89 Cal.App.4th 1166, 1178-1179 [108 Cal.Rptr.2d 493]; *Wanda B. v. Superior Court* (1996) 41 Cal.App.4th 1391, 1395-1396 [49 Cal.Rptr.2d 175].)

■ Joe nonetheless relies on *Wanda B. v. Superior Court, supra,* 41 Cal.App.4th 1391 to argue writ relief is proper. The case actually stands for the contrary proposition. Wanda's mother filed a writ petition ostensibly challenging the order setting a permanency hearing under section 366.26, which actually attacked a much earlier order denying reunification services. (*Wanda B.*, at pp. 1393-1394.)

The Court of Appeal noted that because the trial court had not set a permanency hearing when it denied reunification services, the mandatory writ provisions of section 366.26 and accompanying rule 39.1B were inapplicable. The court held that the mother had forfeited the right to challenge the dispositional order by writ petition when she failed to appeal it in a timely manner after the disposition hearing. (*Wanda B. v. Superior Court, supra,* 41 Cal.App.4th at pp. 1395-1396.)

Joe seizes on language in *Wanda B.* to argue this writ petition is nonetheless viable. The *Wanda B.* court said, "Because [the mother] did not file a timely appeal, she has [forfeited] her right to challenge the order denying services." (*Wanda B. v. Superior Court, supra,* 41 Cal.App.4th at p. 1394.) He reasons that since Joe did appeal, he did not forfeit the ability to challenge the denial of reunification services by writ petition.

Joe's appeal preserved the right to challenge the denial of services. It did not, however, provide him with the right to present the same issues and arguments again and add a new one in a writ petition.[5] To be entitled to extraordinary relief by writ, he must show he has no adequate remedy at law. "Generally the availability of an appeal constitutes an adequate remedy at law precluding writ relief. [Citation.]" (*Kawasaki Motors Corp. v. Superior Court* (2000) 85 Cal.App.4th 200, 205-206 [101 Cal.Rptr.2d 863].)

Nothing in rule 39.1B suggests this fundamental rule regarding writ relief is suspended in dependency cases. The purpose of the rule is to achieve substantive and expeditious review of juvenile court rulings before parental rights are terminated. (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 581 [93 Cal.Rptr.2d 103].)

When, as here, appealable orders are promptly appealed and considered, the purposes of rule 39.1B are met. Conversely, if we were to consider duplicative writs on the merits, our limited judicial resources would be unnecessarily taxed, and the process would be slowed.

Joe suggests an appeal is not an adequate remedy because his appeal might not be decided before the section 366.26 hearing. (See *Kawasaki Motors Corp. v. Superior Court, supra,* 85 Cal.App.4th at p. 206.) Since we issue the opinion in his appeal (*In re Joy M., supra,* 99 Cal.App.4th 11) concurrently with this one, his argument fails perforce.

Joe's reliance on *In re Rashad B.* (1999) 76 Cal.App.4th 442, 450 [90 Cal.Rptr.2d 462], and *In re Cathina W.* (1998) 68 Cal.App.4th 716, 718 [80 Cal.Rptr.2d 480] is inapt. Those cases stand for the proposition that failure to warn a dependency litigant of the availability of writ relief excuses the failure to timely file a writ petition. Joe's problem is not that his petition is untimely but that it does not lie in addition to his appeal.

The petition is denied.[6]

Sills, P. J., and Bedsworth, J., concurred.

On July 30, 2002, the opinion was modified to read as printed above.

---

[5]For three of his contentions, Joe's writ counsel merely joins in his appellate counsel's opening brief. He expounds on one other issue raised on appeal and raises another for the first time.

[6]Because we do not reach the merits, we do not determine whether SSA's request to incorporate its motion to take additional evidence filed in the appeal is appropriate.