Filed 8/16/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| MARK KIELAR, | C096773 |
| Petitioner, | (Super. Ct. No. S-CV-0048230) |
| v. | |
| THE SUPERIOR COURT OF PLACER COUNTY, | |
| Respondent; | |
| HYUNDAI MOTOR AMERICA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate.  Petition granted.  Michael W. Jones, Judge.

Knight Law Group, Roger Kirnos; Gupta Wessler, Jennifer Bennett and Linnet Davis-Stermitz for Petitioner.

No appearance for Respondent.

Horvitz & Levy, John A. Taylor, Jr., Jason R. Litt, Eric S. Boorstin; Bowman and Brooke, Brian Takahashi, Jimmy Y. Park. and Michael C. Foley; for Real Party in Interest.

1

In this extraordinary writ proceeding, Mark Kielar challenges the superior court's decision to grant Hyundai Motor America's (Hyundai) motion to compel arbitration of his causes of action for violation of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.; the Song-Beverly Act) and fraudulent inducement arising from alleged mechanical defects in the condition of his 2012 Hyundai Tucson. The superior court's ruling followed this court's earlier decision in *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486 (*Felisilda*) and concluded Hyundai—a nonsignatory manufacturer— could enforce the arbitration provision in the sales contract between Kielar and his local car dealership under the doctrine of equitable estoppel. This issue is now on review. In the meantime, we join those recent decisions that have disagreed with *Felisilda* and conclude the court erred in ordering arbitration. (*Montemayor v. Ford Motor Co.* (2023) 92 Cal.App.5th 958, 968-971 (*Montemayor*); *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324, 1333-1336, review granted July 19, 2023, S279969 (*Ford Motor*).) Therefore, we shall issue a preemptory writ of mandate compelling the superior court to vacate its June 16, 2022 order and enter a new order denying Hyundai's motion.

## I.  BACKGROUND

Kielar's complaint alleges three causes of action for violations of the Song-Beverly Act and two causes of action for fraudulent inducement. The complaint states: "These causes of action arise out of the warranty obligations of Hyundai in connection with a vehicle purchased by [Kielar] and for which Hyundai issued a written warranty." The complaint further alleges Hyundai and its agents concealed a known engine defect.

Hyundai filed a motion to compel arbitration and stay the action until arbitration concludes. Hyundai asserted it was entitled to compel arbitration under *Felisilda*, which "upheld a trial court's ruling that the exact same arbitration language in a sales contract provided the car manufacturer the right to compel arbitration as a third party, nonsignatory to the sales contract."

The sales contract between Kielar and the dealership referred to the dealership as the "creditor-seller," "we," or "us." Hyundai was not a party to the agreement. The arbitration provision provides: "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

The trial court followed *Felisilda* and granted Hyundai's motion to compel arbitration based on the doctrine of equitable estoppel. The court explained Kielar's claims "arise from purported mechanical defects in the condition of the 2012 Hyundai Tucson [Kielar] purchased, purportedly violating various express and implied warranties along with allegedly concealing manufacturing defects. These allegations are directly related to the condition of the vehicle manufactured by Hyundai, falling expressly within the terms of the arbitration provision agreed to by [Kielar]. Moreover, [Kielar] expressly agreed to arbitrate with nonparty signatories regarding claims relating to the condition of the vehicle. [Kielar] is estopped from refusing to arbitrate these claims with Hyundai."

Kielar filed this petition for writ of mandate challenging the trial court's order compelling arbitration. We issued an order to show cause in September 2022.

## II. DISCUSSION

A.      *Propriety of Writ Review*

Hyundai argues we should discharge the order to show cause because Kielar has an adequate remedy at law. "Generally[,] the availability of an appeal constitutes an adequate remedy at law precluding writ relief." (*Kawasaki Motors Corp. v. Superior*

*Court* (2000) 85 Cal.App.4th 200, 205-206.) An order directing arbitration "is reviewed on appeal from the judgment entered after the arbitration is completed or in exceptional circumstances . . . by writ of mandate." (*Muao v. Grosvenor Properties, Ltd.* (2002) 99 Cal.App.4th 1085, 1088-1089.) "[R]eviewing an order compelling arbitration by writ should be done sparingly and only in an appropriate circumstance to avoid defeating the purpose of the arbitration statute." (*Cortez v. Doty Bros. Equipment Co*. (2017) 15 Cal.App.5th 1, 10.) "California courts have held that writ review of orders compelling arbitration is proper in at least two circumstances: (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement[,] or (2) if the arbitration would appear to be unduly time consuming or expensive." (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160.) Kielar does not demonstrate his arbitration would be unduly time consuming or expensive and, given the split of authority on the issue, we cannot conclude the matters ordered arbitrated clearly fall outside the scope of the arbitration agreement. Clarity on this issue will not come until our Supreme Court provides it. Nonetheless, the petition presents unusual circumstances justifying writ review and we decline to discharge the order to show cause.

B.     *Standard of Review*

"The standard of review for an order on a petition to compel arbitration is either substantial evidence where the trial court's decision on arbitrability was based upon the resolution of disputed facts, or de novo where no conflicting extrinsic evidence was admitted in aid of interpretation of the arbitration agreement." (*Hartnell Community College Dist. v. Superior Court* (2004) 124 Cal.App.4th 1443, 1448-1449.) The issues we address in this opinion are ones we review de novo.

C.     *Equitable Estoppel*

Kielar argues the trial court incorrectly held equitable estoppel allows Hyundai to rely on his sales contract with his dealership to force his claims against Hyundai into arbitration. We agree.

4

The doctrine of equitable estoppel is an exception to " 'the general rule that a nonsignatory to an agreement cannot be compelled to arbitrate and cannot invoke an agreement to arbitrate, without being a party to the arbitration agreement.' [Citations.] [¶] . . . Under that doctrine, as applied in 'both federal and California decisional authority, a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are "intimately founded in and intertwined" with the underlying contract obligations.' [Citations.] 'By relying on contract terms in a claim against a nonsignatory defendant, even if not exclusively, a plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement.' [Citations.] 'The rule applies to prevent parties from trifling with their contractual obligations.' " (*JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1236-1237.) "[M]erely 'mak[ing] reference to' an agreement with an arbitration clause is not enough." (*Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 218.) " ' "[T]he plaintiff's actual dependence on the underlying contract in making out the claim against the nonsignatory . . . is . . . always the sine qua non of an appropriate situation for applying equitable estoppel." ' [Citations.] '[E]ven if a plaintiff's claims "touch matters" relating to the arbitration agreement, "the claims are not arbitrable unless the plaintiff relies on the agreement to establish its cause of action." ' " (*Jensen v. U-Haul Co. of California* (2017) 18 Cal.App.5th 295, 306, emphasis omitted.) "[B]ut-for causation" alone is insufficient. (*DMS Services, LLC v. Superior Court* (2012) 205 Cal.App.4th 1346, 1356-1357.)

Kielar does not rely on any terms of the sales contract with his dealership to establish any of his causes of action. Hyundai does not argue otherwise.[1] Rather,

---

[1] Hyundai argues the remedies sought by Kielar are intertwined with the sales contract because, for instance, it is required to demonstrate the availability of restitution or rescission. This assertion is unavailing. "[T]he correct analysis is whether Plaintiffs

Hyundai's assertion that Kielar's claims are founded on or intimately connected with the sales contract relies on *Felisilda*. In that case, the Felisildas filed a complaint against a dealership and a manufacturer alleging a violation of the Song-Beverly Act based on the manufacturer's express warranties. (*Felisilda, supra,* 53 Cal.App.5th at p. 491.) The Felisildas and the dealership had entered into a sales contract with an identical arbitration provision to the one at issue in this proceeding. (*Id*. at p. 490.) The dealership moved to compel arbitration of the entire matter, including as to the nonsignatory manufacturer. (*Id*. at p. 491.) In affirming the superior court's decision to order the entire case to arbitration based on the doctrine of equitable estoppel, a panel of this court explained "the sales contract was the source of the warranties at the heart of this case." (*Id*. at p. 496.) We join *Ford Motor* and *Montemayor* in disagreeing with this statement and concluding equitable estoppel does not apply in this situation. (*Montemayor, supra*, 92 Cal.App.5th at pp. 968-971; *Ford Motor, supra*, 89 Cal.App.5th at pp. 1333-1336, rev. granted.)

Kielar's complaint alleges "Hyundai issued a written warranty." This warranty was not part of his sales contract with the dealership. Indeed, the sales contract acknowledges this separate warranty and disclaims any implied warranties by the dealership: "If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. [¶] This provision does not affect

---

would have a *claim* independent of the existence of the Purchase Agreement (equitable estoppel applies 'when the signatory must rely on the terms of the written agreement *in asserting its claims* against the nonsignatory,' [citation] or 'when the *causes of action* against the nonsignatory are intimately founded in and intertwined with the underlying contract obligations,' [citation] not whether the court must look to the Purchase Agreement to ascertain the requested relief. The emphasis of the case law is unmistakably on the claim itself, not the relief." (*Kramer v. Toyota Motor Corp*. (9th Cir. 2013) 705 F.3d 1122, 1131-1132.)

any warranties covering the vehicle that the vehicle manufacturer may provide."[2]  In *Ford Motor* and *Montemayor*, Ford Motor Company moved to compel arbitration of the same type of claims at issue in this proceeding based on "the same form arbitration provision" in the plaintiffs' sales contract with dealerships.  (*Ford Motor, supra*, 89 Cal.App.5th at p. 1333, rev. granted; see also *Montemayor, supra*, 92 Cal.App.5th at p. 968.)  These sales contracts also included the same disclaimer regarding warranties. (*Montemayor, supra*, at p. 962; *Ford Motor, supra*, at p. 1335.)  These authorities explained *Felisilda*'s statement that "the sales contract was the source of the warranties" was flawed because "manufacturer vehicle warranties that accompany the sale of motor vehicles without regard to the terms of the sale contract between the purchaser and the dealer are independent of the sale contract."  (*Ford Motor, supra*, at p. 1334; accord *Montemayor, supra*, at p. 969; see also *Ngo v. BMW of North America, LLC* (9th Cir. 2022) 23 F.4th 942, 949 ["the express and implied warranties arise 'independently of a contract of sale' "].)  Whether a manufacturers' express or implied warranties that accompany a vehicle at the time of sale constitute obligations arising from the sale contract, permitting manufacturers to enforce an arbitration agreement in the contract pursuant to equitable estoppel is a question now pending before our Supreme Court.  In the meantime, we agree with *Montemayor* and *Ford Motor* that they do not.

Additionally, we agree with *Montemayor* and *Ford Motor* that the parenthetical language in the arbitration provision referring to nonsignatory third parties "was a 'delineation of the *subject matter* of claims the purchasers and dealers agreed to arbitrate' " and does not bind the purchaser " 'to arbitrate with the universe of unnamed

---

[2]  "Unless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable."  (Civ. Code, § 1792.)

third parties.' " (*Montemayor, supra*, 92 Cal.App.5th at p. 971, quoting *Ford Motor, supra*, 89 Cal.App.5th at p. 1335, rev. granted.)

For these reasons, the trial court erred in ordering arbitration.[3]

## III.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its June 16, 2022 order granting Hyundai Motor America's motion to compel arbitration and stay the action, and enter a new order denying the motion.  Mark Kielar shall recover his costs in this original proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/S/

_____
RENNER, J.

We concur:

/S/

_____
EARL, P.J.

/S/

_____
HULL, J.

_____

[3]  As a result of this conclusion, we need not address the other arguments raised in Kielar's petition.

8